**Galen YARBOROUGH d/b/a Daniel's Club, Appellant,**

**v.**

**Michael ERWAY, Appellee.**

**No. A14–85–082–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 27, 1985.

Rehearing Denied Jan. 9, 1986.

Susan E. Crowley of Taylor, Hays, McConn & Pickering, Houston, Jerry L. Farrer, Angleton, for appellant.

Gene Hagood of Brown, Todd, Hagood & Davenport, Alvin, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.
Appellant Galen Yarborough d/b/a Daniel's Club (Appellant or Daniel's Club) appeals a judgment from a jury verdict awarding Appellee Michael Erway (Appellee or Erway) damages for personal injuries he received in a fight with another patron on Appellant's premises. We reverse the judgment of the trial court and render judgment for appellant.

Erway entered Daniel's Club, a bar in Angleton, Brazoria County, with his nephew late in the evening of February 12, 1982. He testified that he was standing near the bar talking with friends shortly after his arrival when Danny Henderson came from the end of the bar and bumped into him. No words were exchanged between the two at that time. Approximately thirty minutes later Henderson either bumped into Erway again or the two exchanged words. The men agreed to go outside the club. Just outside the door of the bar, Erway was stabbed by Henderson and suffered a severe wound in the neck. As other patrons came outside to check on the two men, Henderson fled the scene.

Appellee subsequently brought this suit for his injuries against Henderson and Daniel's Club. Henderson, however, was never served with process. Daniel's Club filed a cross-action against Henderson seeking indemnity and/or contribution. The State of Texas intervened, asserting its

lien for the $25,000 it paid Erway under the Crime Victims Compensation Act.

In its answers to the special issues, the jury found all parties guilty of causal negligence. It determined that fifty percent of the negligence was attributable to Daniel's Club, thirty-five percent to Henderson and fifteen percent to Erway. It awarded Erway $100,000 in damages and $20,000 for future medical care. The parties had previously stipulated that Erway had incurred medical expenses in the amount of $71,-152.79.

The court entered a judgment on the verdict and awarded Erway $162,479.87, which represents the total damages of $191,152.79 less 15% pursuant to the comparative negligence finding. Judgment was entered against Galen Yarborough d/b/a Daniel's Club under TEX.R.CIV.P. 28 based upon the court's finding that at the time of the occurrence made the basis of this suit, Yarborough was the sole owner of Daniel's Club. The judgment also awarded the State of Texas $25,000 intervention out of Erway's recovery and gave Galen Yarborough d/b/a Daniel's Club a right of indemnity against Henderson for such sums as Yarborough might pay to Erway. Danny Henderson pled nolo contendere to criminal charges arising from the incident and was assessed ten years' probation and monthly payments of $300.00, totaling $36,000.00.

Appellant presents fourteen points of error on appeal. In points one through twelve, Appellant claims there was no evidence or insufficient evidence to support the jury's findings, or that the findings were contrary to the great weight and preponderance of the evidence. In its findings pertinent to these points, the jury found that Appellee was negligent in failing to discover that Henderson was on its premises in an intoxicated condition, in allowing Danny Henderson on its premises in an intoxicated condition, in failing to demand that Henderson, in his intoxicated condition, leave the premises, and in failing to timely notify the police of Henderson's intoxicated condition while he was on its premises. It found that each of these negligent acts was a proximate cause of the occurrence in question. We agree with Appellant that there was no evidence to support the jury's findings and we reverse the judgment of the trial court based on points of error one, four, seven and ten.

In the instant case, both elements of proximate cause, cause in fact and foreseeability, are missing from Appellee's proof; thus, there is no evidence to support the jury's findings. The testimony at trial revealed that Daniel's Club is largely a neighborhood bar and its patrons know each other; it had no history of violence or improper activity. There is no evidence that Michael Erway and Danny Henderson even knew each other or that there was any previous trouble between them, although both had been in the bar before that night. The club's owner and its employees understood the duty imposed on them by the Texas Alcoholic Beverage Code to discover intoxicated persons on the premises, to demand that such intoxicated persons leave, and to call the police if they refused. The club had no previous record of violations of the code, and a Texas Alcoholic Beverage Commission (TABC) agent testified that the club complied with its provisions.

The real reason for the altercation between the two men was never articulated. The incident occurred between midnight and 2:00 A.M. and both participants had been drinking alcohol that evening. There was testimony that Henderson was talking loudly, and dancing and clowning around the tables in the club. He took a beanie hat from the head of one of the patrons and was asking people if they liked his hat. Henderson admitted he was intoxicated, but claimed he was not drunk. He said that he had only one drink in Daniel's, which another patron bought for him. The bartender and the waitress, both women, were the only employees in the club. The waitress testified that she did not believe Henderson was intoxicated and that he did not do anything which caused her to think he posed a threat to anyone. The owner was not present. Henderson testified that

Erway provoked his confrontation by staring at him. Erway testified he felt that Henderson may have been interested in a woman standing nearby. He thought that Henderson might want to fight. Henderson either asked or motioned Erway outside and Erway shortly followed him out the door. Henderson testified that Erway threatened to kill him on the way out.

There is conflicting testimony as to what happened as the two stepped out the door. Erway testified that Henderson immediately stabbed him in the neck. Henderson testified that Erway first grabbed him by the shirt, and then he (Henderson) pulled his knife. Other patrons followed the two out the door soon thereafter, but none saw the stabbing. Henderson ran from the scene and friends took Erway to the hospital, where he stayed approximately four months. No charges were filed by the TABC as a result of the incident.

We have found no precedents in Texas case law directly on point concerning the duty a bar or tavern keeper owes his patrons to protect them from criminal assaults or intentional misconduct by third parties. There is no civil damage, dram shop, or similar statute in Texas providing a remedy against a bar owner for injuries suffered by persons who were injured by an intoxicated patron. The *Restatement of Torts* states:

> A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to
> (a) discover that such acts are being done or are likely to be done, or
> (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.

Restatement (Second) of Torts § 344 (1965). Comment *f* to § 344 states:

> Since the possessor is not an insurer of the visitor's safety, he is ordinarily under no duty to exercise any care until he knows or has reason to know that the acts of the third person are occurring, or are about to occur. He may, however, know or have reason to know, from past experience, that there is a likelihood of conduct on the part of third persons in general which is likely to endanger the safety of the visitor, even though he has no reason to expect it on the part of any particular individual. If the place or character of his business, or his past experience, is such that he should reasonably anticipate careless or criminal conduct on the part of third persons, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection.

Further, § 314A(3) of the Restatement (Second) states that a possessor of land who holds it open to the public has a duty to members of the public who enter his land to protect them against unreasonable risk of physical harm. Comment *e* to that section explains that the possessor of land is not required to take precaution against a sudden attack from a third person when such action cannot reasonably be anticipated. Comment *f* states that the possessor is not required to take any action until he knows or has reason to know that the plaintiff is endangered.

This court extended liability to a restaurant owner in *Eastep v. Jack-in-the-Box, Inc.*, 546 S.W.2d 116, 118 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.) wherein we stated that a long, continued course of conduct by third persons is not necessary for the proprietor to know that its patrons are violently disposed; what is necessary is "a sequence of conduct sufficiently long to enable the proprietor to act for the patron's safety." There, when the plaintiff's husband went to pick up their food inside the restaurant, a group of four men cursed him loudly. The plaintiff's group and the four men exchanged further threats and obscenities and then two of the four drew their knives. Approximately

two minutes passed before the actual fighting began, and after it began, two to five minutes passed before the plaintiff was cut by one of the knives. Police arrived three to five minutes after she was injured. The employee in charge at the restaurant at the time testified that he realized that the men were in a "nasty" mood and using vulgar language and that they had been drinking. He believed one of them had a knife or gun and was afraid one of them was going to start a fight. The restaurant's employees had been instructed to ask anyone using profanity to leave and to call the police if they did not; however, he did not ask them to leave. Further, he did nothing until the fight began, though he felt he might have had time to get into the dining area while the groups were still talking. We held that there was some evidence of probative value to support the jury findings that the owner, through its employees, was negligent in failing to demand that the four men leave the premises before the fight began, in failing to timely notify police, and in failing to warn the plaintiff and her group of the acts and condition of the four men before the fight began. *Id.* at 119, 120.

In *Walkoviak v. Hilton Hotels Corp.*, 580 S.W.2d 623 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.), the trial court granted a summary judgment for the hotel owner in a suit for personal injuries suffered by the plaintiff on the hotel parking lot where he was assaulted and robbed. He had parked his car on the lot while attending a convention at the hotel. This court held that the evidence was sufficient to raise a fact issue regarding breach of the hotel's duty, as there was evidence in the record of prior similar assaults in that vicinity, of the hotel's failure to comply with its own security policy for large conventions, and of inadequate security during the time in question. Such a proprietor has the duty to exercise reasonable care when he has reason to know such acts are likely to occur, either generally or at a particular time, and to provide protection or an adequate warning of them. *Id.* at 625.

The court declined to extend liability further in *Castillo v. Sears, Roebuck & Co.*, 663 S.W.2d 60 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.) in a damages action brought by two business invitees for personal injuries they suffered when they were attacked by two men in the area immediately outside the store. Plaintiffs were shopping in the store when they were approached by two men who threatened them and told them to step aside. The plaintiffs followed the men outside the store, where the men attacked them. Plaintiffs admitted that neither employees of the store nor of the mall witnessed the confrontation inside or outside the store. In affirming a summary judgment for the shop and mall owners the appellate court held that without evidence that the employees had knowledge of the assault, they could not be held negligent for failing to provide security forces. It stated, however, that it could not fairly impose the vague duty of Restatement (Second) of Torts § 344 on merchants to exercise reasonable care to discover that sudden criminal acts of unknown or unidentified persons are being committed or are likely to be. Rather, the appropriate rule in such a case is that owners whose operations do not attract or provide a climate for crime are under no duty to guard against criminal acts of third parties unless they know or have reason to know that acts are occurring or are about to occur there which pose an imminent probability of harm to an invitee. *Castillo*, at 66.

The Texas Supreme Court addressed the problem of proximate cause in *East Texas Theatres, Inc. v. Rutledge*, 453 S.W.2d 466 (Tex.1970). There the court held that there was no evidence that the person who threw a bottle from the balcony of a theatre which struck and injured a patron was one of a group of rowdy persons who had been hollering and throwing paper cups from the balcony during the show; thus, the patron failed to establish that "but for" the failure of the theatre to remove the rowdy persons, the bottle would not have been thrown. The record contained no evidence that if the theatre had removed the rowdy

persons, the bottle thrower would not have thrown it. Clearly, then, cause in fact was not proven.

The Restatement (Second) of Torts § 448 states that the act of a third person in committing an intentional tort or crime is a superseding cause of harm to another resulting from the harmful act unless the actor realized the likelihood that his negligence might create a situation which gave the third person an opportunity to commit the tort or crime. *See Nixon v. Mr. Property Management*, 690 S.W.2d 546 (Tex. 1985).

In reviewing a "no evidence" point of error, the appellate court must consider only the evidence and inferences tending to support the finding and disregard everything contrary to it. It must view that evidence and inferences in the light most favorable to support a fact issue or fact finding. If there is any evidence of probative force to support it the point must be overruled. *Transport Insurance Co. v. Mabra*, 487 S.W.2d 704, 707 (Tex.1972); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

■ There is no evidence to support the jury's finding of proximate cause against Daniel's Club. As to the element of cause in fact, the evidence is clear that the fight between Erway and Henderson occurred suddenly. The time which elapsed between their decision to go outside and the stabbing was only a matter of seconds or one to two minutes. No testimony was presented that the employees could have taken any action to prevent Erway's injuries even if they had known the fight was imminent. This record is certainly distinguishable from that in *Eastep v. Jack-in-the-Box*, wherein the time sequence was held to be crucial in establishing cause in fact. Henderson's intentional assault was the superseding and proximate cause of harm. Had Erway not voluntarily accompanied Henderson outside, even when he alone thought Henderson might want to fight, it is probable no injury would have occurred. *See Boss v. Prince's Drive-Ins*, 401 S.W.2d 140 (Tex.Civ.App.—Waco 1966, no writ).

■ The test for foreseeability is whether a person of ordinary intelligence and prudence should anticipate the danger to others created by his negligent act, though it is not required that he anticipate exactly how injuries might arise from the situation. *Sullivan v. Flores*, 134 Tex. 55, 132 S.W.2d 110, 111 (1939); *City of Bishop v. South Texas Electric Cooperative*, 577 S.W.2d 331, 335 (Tex.Civ.App.—Corpus Christi 1979, no writ).

In *Nixon v. Mr. Property Management*, 690 S.W.2d at 546, a young girl was raped in a vacant apartment complex whose owners failed to comply with an ordinance requiring that vacant structures be secured to prevent unauthorized entry. Her assailant kidnapped her from the sidewalk of her apartment complex and took her directly to the vacant apartments across the street. In holding that the evidence raised a fact issue on the question of foreseeability, the court stated that generally, the criminal conduct of a third party is a superseding cause which relieves the negligent actor of liability. His negligence will cause him to be liable, however, if the criminal conduct is a foreseeable result of that negligence. *Id.* at 549, 550. The evidence in *Nixon* contained numerous examples of violence at the apartment and of vagrants in the area. The court cited *Carey v. Pure Distributing Corp.*, 133 Tex. 31, 124 S.W.2d 847, 849 (1939) for the proposition that the particular incident complained of need not have been foreseeable if the injury was of such a general character as might reasonably have been anticipated, and the injured party was so situated in relation to the wrongful act that injury to him or to another person in his position might reasonably have been foreseen. *Nixon*, 690 S.W.2d at 551.

We are mindful of the cases cited by Appellee, especially those from the Minnesota Supreme Court, which emphasize the potential for violence which is inherent in drinking establishments. We note also the testimony of several witnesses that the

potential for violence is greater in places where alcohol is sold. However, viewing in its most favorable light only that evidence which supports the verdict, we find no evidence of probative value which put the employees on notice or should have alerted them that a dangerous or threatening situation existed between Erway and Henderson.

Further, and significantly, there is no evidence that the employees had time to act to prevent Erway's injuries even if they had been able to foresee trouble. The fight between the two was so sudden that Erway apparently was stabbed before anyone else even came out the door. Their conversation prior to the fight lasted only a few minutes at best. Several other patrons did not hear their words. Erway testified that nothing alarmed him to the extent that he looked around for help to avoid fighting. Erway voluntarily followed Henderson out the door, though he said he had it in the back of his mind that Henderson might want to fight. He said he didn't report the fact he was going outside to anyone. Had he done so, only two employees were there, and they were both women. He believed these employees could not have done much to help him. The woman standing with Erway testified she didn't know if anyone could have stopped the fight given the time and circumstances. It is not reasonable to say the management should have foreseen the danger when Erway and those around him could not.

There was no evidence that the fight was a reasonably foreseeable consequence of any act or omission of the club or its employees. Instead, the injuries were caused by the sudden violent criminal act of a third party. Thus the jury's findings on proximate cause are without support in the evidence. We sustain Appellant's points of error one, four, seven and ten.

We do not reach the other points offered as our treatment of points one, four, seven and ten is dispositive of the case.

Reversed and rendered.