**Debbie BLAUSTEIN, Appellant,**

v.

**GILBERT–DALLAS CO., INC. et al., Appellees.**

No. 11–87–124–CV.

Court of Appeals of Texas, Eastland.

April 28, 1988.

Rehearing Denied May 26, 1988.

Larry J. Doherty, Susan McAuliffe, Doherty & Williamson, P.C., Houston, for appellant.

Chester G. Ball, Ball, Landrith, Kulesz & Hubble, Arlington, for appellees.

OPINION

ARNOT, Justice.

Debbie Blaustein was raped by an unidentified assailant who gained access to her apartment which she rented from the defendant, Gilbert Properties. Holding

that the owner had no duty to a tenant for injuries suffered from the criminal acts of a third party, the trial court granted a summary judgment for the defendants. Blaustein appeals. Because Blaustein has raised material fact issues as to defendants' negligence, we reverse and remand the case for trial on the merits.

In this summary judgment case, Gilbert Properties, Gilbert–Dallas Co., Inc., Gilbert–Dallas Joint Venture, I.K. "Sonny" Cohen, and John H. Cockrell must show there are no genuine issues as to any material fact. TEX.R.CIV.P. 166–A. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. *Wilcox v. St. Mary's University of San Antonio, Inc.*, 531 S.W.2d 589 (Tex.1975). Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in her favor. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex. 1979). Using these guidelines, we find the following summary judgment facts:

Blaustein leased an apartment from Gilbert Properties on August 1, 1984. Upon surrender of the premises by the former tenant and prior to moving in, she requested I.K. "Sonny" Cohen, the apartment manager, to change the locks. Cohen replied it was not necessary since only he and the maintenance man had a key. Blaustein lived alone, and in her deposition she testified that she had not made any duplicate keys. On the evening of October 21, 1984, she came home, locked the doors, and went to bed after dinner. Sometime during the night, Blaustein was awakened by the assailant who covered her mouth with his hand and threatened her if she did not cooperate. She was raped. The assailant told her he had a key to her place and all the places (apartments). After her attacker left, Blaustein called the police. When the police arrived, she went to answer the door and found it was unlocked. There was *no evidence of forcible entry*.

Gilbert argues it is entitled to a judgment as a matter of law because it owed no duty to Blaustein. Generally, "duty" is the obligation to conform to a particular standard of conduct toward another. See Sharp, *Paying for the Crimes of Others? Landowner Liability for Crimes on the Premises*, 29 S.Tex.L.J. 11 (1987). In his well researched article, Sharp makes a strong case for not imposing a duty of security on the landlord. He reasons that when harm to the tenant results from a criminal act of another, a duty should not be imposed for two reasons. First, the landlord is not culpable; the criminal is. Second, the harm did not arise directly out of the relationship. Thus, since harm does not arise directly from the relationship, any duty should be based on special circumstances. However, in this case, the tenant's apartment lease contract creates an affirmative duty. The contract provides: "Upon payment of a reasonable charge, resident may require owner to change (or rekey) a door lock." The standard would be one of ordinary care.

■ Texas follows the rule that criminal conduct of a third party is a superseding cause relieving the negligent actor from liability unless the criminal conduct is a foreseeable result of such negligence. See *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546 (Tex.1985); *Castillo v. Sears, Roebuck & Co.*, 663 S.W.2d 60 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.); *Walkoviak v. Hilton Hotels Corporation*, 580 S.W.2d 623 (Tex.Civ.App. —Houston [14th Dist.] 1979, writ ref'd n.r.e.); *Morris v. Barnette*, 553 S.W.2d 648 (Tex.Civ.App.—Texarkana 1977, writ ref'd n.r.e.); RESTATEMENT (SECOND) OF TORTS sec. 448 (1986). However, the tortfeasor's negligence will not be excused where the criminal conduct is a foreseeable result of such negligence. *Nixon v. Mr. Property Management Company, Inc.*, supra.

■ The test for foreseeability is whether a person of ordinary intelligence and prudence should anticipate the danger to others created by his negligent act even though it is not required that he anticipate exactly how injuries might arise. *Yarborough v. Erway*, 705 S.W.2d 198 (Tex.App.

—Houston [14th Dist.] 1985, writ ref'd n.r. e.).

 Urging as authority the cases of *City of Dallas v. Maxwell,* 248 S.W. 667 (Tex.Comm'n App.1923, holding approved), and *Hendricks v. Todora,* 722 S.W.2d 458 (Tex.App.—Dallas 1986, writ ref'd n.r.e.), the landlord argues that it has conclusively established that the rape was unforeseeable. We disagree. These cases are factually distinguishable. In *Maxwell,* the Court found that the City had used ordinary care in the construction and maintenance of its roads, holding that even though motor vehicles become defective and unmanageable, when and where mechanical problems may happen are matters of speculation and, therefore, not foreseeable. In *Hendricks,* the court held it was not foreseeable that the owner should anticipate that a driver would be intoxicated, jump the curb, crash into the owner's building located in the vicinity of restaurant-bars, and injure patrons.

In the case before us, the purpose of a locked door is obviously to secure the premises, possessions, or person from intrusion by others. After a request to change the door locks and the failure to do so with an assurance that it was unnecessary, a material fact question exists as to whether or not Cohen realized or should have realized that others who were unauthorized may have had access to Blaustein's apartment and anticipated the danger created by his refusal to change the lock.

The judgment of the trial court is reversed, and the cause is remanded for a trial on the merits.