Ernest D. POLK, Jr., Appellant,

v.

**RHINESTONE WRANGLER & K.C.O., Inc., Appellees.**

**No. 9673.**

Court of Appeals of Texas, Texarkana.

July 18, 1989.

Elliott Klein, Freeman & Klein, Houston, for appellant.

Jay D. Hirsch, Hicks, Hirsch, Glover, Robinson & Sheiness, Houston, for appellees.

CORNELIUS, Chief Justice.

Ernest Polk was assaulted and injured by fellow patrons while on the premises of Rhinestone Wrangler, a bar in Houston. He brought suit against Rhinestone to recover damages for his injuries. The trial

court granted summary judgment for Rhinestone, and Polk appeals.

Rhinestone moved for summary judgment on the basis that, as a matter of law, it owed no duty to Polk to protect him from assaults by third parties. Although its motion stated that it was based on the pleadings, affidavits on file, and depositions, no affidavit or portion of any deposition was attached to the motion or otherwise made a part of the record. Thus, the motion was unsupported by summary judgment proof. Tex.R.Civ.P. 166a. Polk filed a response, supported by his affidavit, to Rhinestone's summary judgment motion, but the trial court ruled that the response was not timely filed and refused to consider it. Polk contends, among other things, that his response was timely and should have been considered, and that it raised a genuine issue of fact as to his right to recover, making summary judgment improper. We agree.

To be entitled to summary judgment, a defendant must demonstrate that at least one essential element of the plaintiff's claim is established against him. When the essential element is one of fact, the defendant's summary judgment evidence on that element must be uncontradicted. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex.1970); 4 R. McDonald, *Texas Civil Practice in District and County Courts* § 17.26.8 (rev. 1984); Hittner & Liberato, *Summary Judgments in Texas*, 20 St. Mary's L.J. 243 (1989).

As noted, the trial court ruled that Polk's response to Rhinestone's motion was not filed within the time prescribed by Tex.R.Civ.P. 166a(c), and refused to consider it. Rhinestone contends there is nothing in the record showing Polk's response was timely filed and that it was within the trial court's discretion whether or not to allow its late filing. We disagree and find the affidavit should have been considered by the trial court.

■ The motion for summary judgment was filed on June 13, and notice was sent to Polk of a hearing to be held on July 11. The record contains copies of Polk's response and affidavit. The copies are faded, but they do show enough of the file mark to show that they were filed on July 1, more than seven days before the hearing, in compliance with Tex.R.Civ.P. 166a(c). Thus, the trial court erred in failing to consider the response and affidavit.

■ Having determined that Polk's response and affidavit were timely filed, we now determine whether Rhinestone established, as a matter of law, that there existed no genuine issue of material fact with respect to one or more of the essential elements of Polk's cause of action based in negligence. Until Rhinestone meets this burden, Polk has no burden to controvert Rhinestone's motion. *Hammonds v. Thomas*, 770 S.W.2d 1 (Tex.App.1989, no writ); 4 R. McDonald, *Texas Civil Practice in District and County Courts* § 17.26.8 (rev.1984).

Rhinestone presented no summary judgment evidence, but simply asserted that it owed no duty to protect its patrons from the conduct of third persons, because it had no opportunity to discover the dangerous condition and had no control over the persons who actually caused the harm.

■ It is established, however, that a premises occupier owes to his patrons a duty of reasonable care on a showing that it knew or should have known of an unreasonable risk of harm to its patrons. *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 295 (Tex.1983). The duty depends on the reasonable foreseeability of probable harm, and liability may be imposed if the premises owner knew or should have known of an unreasonable risk of harm and fails to use reasonable care to protect its invitees against the danger. *Ronk v. Parking Concepts of Texas, Inc.*, 711 S.W.2d 409 (Tex.App.—Fort Worth 1986, writ ref'd n.r.e.); *Castillo v. Sears, Roebuck & Co.*, 663 S.W.2d 60 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.); *Walkoviak v. Hilton Hotels Corp.*, 580 S.W.2d 623 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.); *Morris v. Barnette*, 553 S.W.2d 648 (Tex.Civ.App.—Texarkana 1977, writ ref'd n.r.e.); *see also, Nixon v.*

*Mr. Property Management*, 690 S.W.2d 546 (Tex.1985).

We agree with Rhinestone that such a duty does not exist in every instance, but Rhinestone has failed to establish, as a matter of law, that such a duty did not exist in this case. Rhinestone presented no summary judgment evidence negating facts which would put a reasonable person on notice of probable danger. On the other hand, Polk's affidavit alleges such facts. His affidavit stated that of the numerous times he had been to the club, fights broke out about sixty percent of the time, and that he had seen patrons draw guns on two or three occasions. Even though the club provided security guards, the patrons involved in the fights were ejected only about half the time. On the night of the assault, he was at the club for the purpose of entering a "rap" contest. Some time between 1:00 and 2:00 a.m., a fight broke out inside the club. Nevertheless, security officers were not called, and the fighters were not ejected. Between thirty minutes and an hour after the fight, two of the same men involved in the fight accosted Polk's friend. When Polk approached the men, he was assaulted, receiving head injuries for which he was hospitalized. Polk's affidavit also established that the club had a reputation for violence and frequent fights, and that Rhinestone usually had uniformed security guards on the premises, but on the night of the assault there was none.

Rhinestone relies on *Hendricks v. Todora*, 722 S.W.2d 458 (Tex.App.—Dallas 1986, writ ref'd n.r.e.), and *Yarborough v. Erway*, 705 S.W.2d 198 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.), to support its claim of no duty. Those cases are distinguishable, however, because in neither of those cases was there evidence sufficient to put a reasonable person on notice that there was a probability of injury to the patrons.

As the summary judgment proof raised a genuine issue of fact, summary judgment was improper. It is not necessary that we address Polk's final two points of error.

For the reasons stated, we reverse the summary judgment and remand the cause for trial.