NO. 07-02-0208-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 2, 2003
_____

DAVID S. FOGEL,

Appellant

v.

DEMENT, LALONDE & ROBBINS, INC. D/B/A CONFERENCE CAFE,

Appellee
_____

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 98-500,840; HON. SAM MEDINA, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, REAVIS and CAMPBELL, JJ.

David S. Fogel (Fogel) appeals from a final summary judgment granted in favor of Dement, LaLonde & Robbins d/b/a Conference Cafe (Cafe). In one issue, he argues that the trial court erred in granting the judgment because 1) genuine issues of material fact existed with regard to whether Cafe was negligent *per se*, 2) Cafe was negligent *per se* by violating a city ordinance, 3) Fogel was not a mere trespasser, and 4) Cafe had a duty to protect him from foreseeable criminal activity. We affirm the judgment of the trial court.

### *Background*

Fogel sued Cafe and others to recompense injuries he suffered after being thrown through a window. According to the record, Fogel had previously been at the Cafe, drank several beers and left. Sometime thereafter he was driving down a street adjacent to the Cafe at 2:00 a.m. and noticed a fight in the parking lot. So too did he notice that one of the combatants was a friend of his. Wishing to assist his friend, Fogel intervened in the fracas. This resulted in him being thrown by another individual (which individual was not employed by Cafe) through the aforementioned window. Fogel admitted that he knew, prior to intervening, that his intervention was dangerous and that he could be hurt. He also admitted that he could have avoided the situation by simply driving home as he originally intended.

In suing Cafe, Fogel averred claims sounding in negligence *per se* and premises liability. The former concerned Cafe's purported failure to have safety glass in or a safety bar adjacent to its windows as required by local ordinance. The latter involved its failure to protect Fogel from criminal activity occurring on its premises and the danger posed by the allegedly defective glass within its windows. Cafe moved for summary judgment, asserting various grounds in support of same. Fogel filed his response. Thereafter, the trial court granted the motion and entered summary judgment denying him recovery. In granting the motion, however, the trial court did not specify in its judgment or anywhere else the particular ground upon which it relied.

***Authority***

The standard governing our review of summary judgments is well settled and need not be reiterated. Instead, we refer the litigants to *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex. 1985) and *Kimber v. Sideris,* 8 S.W.3d 672, 675 (Tex. App.-- Amarillo 1999, no pet.) for an explanation of same. We also note that because the trial court did not specify the ground upon which it relied when granting the motion, Fogel is obligated to illustrate that none of the grounds alleged in the motion supports the judgment. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex. 1989); *see Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995) (holding that the appellant is obligated to attack each ground upon which the summary judgment could have been based); *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970) (holding the same); *Granada BioSciences, Inc. v. Barrett*, 958 S.W.2d 215, 224 (Tex. App.--Amarillo 1997, pet. denied) (stating that a summary judgment will be affirmed if it rests upon an independent ground to which no point of error has been assigned).

As previously mentioned, Cafe asserted various grounds in support of its motion for summary judgment. One involved the contention that it was somehow immunized or excused from any recovery for negligence *per se* since it had received a certificate of occupancy from the City of Lubbock. Another involved the contention that Fogel's conduct was the sole proximate cause of his injuries. Whether these were grounds upon which the trial court relied in granting summary judgment is unknown. Yet, because the trial court did not specify the grounds upon which it relied, Fogel was obligated to illustrate why the two we have named did not support the judgment. *Star-Telegram, Inc. v. Doe*, *supra*; *Carr v.*

*Brasher, supra*; *Malooly Bros., Inc. v. Napier*, *supra*; *Granada BioSciences, Inc. v. Barrett*, *supra*. This he did not do. He addressed neither ground in his appellate brief. Nor did he assign a point of error directly attacking either. *See Boss v. Prince's Drive-Ins,* 401 S.W.2d 140, 142-143 (Tex. Civ. App.--Waco 1966, writ ref'd n.r.e) (holding that the plaintiff's injuries were directly caused by his assumption of the role of mediator which he knew was likely to provoke the combatants to injure him and which he admits would not have occurred but for his intercession). Consequently, he did not satisfy his burden on appeal, and we may affirm the judgment on that basis.

Accordingly, we affirm the summary judgment.

Brian Quinn
Justice

4