NO. 07-03-0079-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



AUGUST 22, 2003



______________________________




JAMES WARREN BRIGHT, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 16,336; HONORABLE CECIL G. PURYEAR, JUDGE



_______________________________



Before REAVIS and CAMPBELL, JJ, and BOYD, S.J. (1)

 Appellant brought this appeal from an order of the trial court denying his motion for
appointment of counsel pursuant to Chapter 64 of the Code of Criminal Procedure to aid
him in his proceeding seeking DNA testing. On May 29, 2003, this court entered its order
abating the appeal and remanding the matter to the trial court for the purpose of
determining if appellant was indigent and thus entitled to the furnishing of a clerk's record
and the appointment of an attorney.

 We have been advised that the trial court has now found appellant to be indigent
and appointed an attorney to represent him on the DNA application. Thus, the relief for
which appellant sought and was initially denied, has now been afforded him. This appeal
has now become moot.

 Accordingly, the appeal is now reinstated and because of its mootness, must be,
and is hereby, dismissed. 


 John T. Boyd

 Senior Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 



ry judgment denying him recovery. In
granting the motion, however, the trial court did not specify in its judgment or anywhere
else the particular ground upon which it relied. 





Authority


 The standard governing our review of summary judgments is well settled and need
not be reiterated. Instead, we refer the litigants to Nixon v. Mr. Property Management Co.,
690 S.W.2d 546, 548 (Tex. 1985) and Kimber v. Sideris, 8 S.W.3d 672, 675 (Tex. App.--
Amarillo 1999, no pet.) for an explanation of same. We also note that because the trial
court did not specify the ground upon which it relied when granting the motion, Fogel is
obligated to illustrate that none of the grounds alleged in the motion supports the judgment. 
Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989); see Star-Telegram, Inc. v. Doe, 915
S.W.2d 471, 473 (Tex. 1995) (holding that the appellant is obligated to attack each ground
upon which the summary judgment could have been based); Malooly Bros., Inc. v. Napier,
461 S.W.2d 119, 121 (Tex. 1970) (holding the same); Granada BioSciences, Inc. v.
Barrett, 958 S.W.2d 215, 224 (Tex. App.--Amarillo 1997, pet. denied) (stating that a
summary judgment will be affirmed if it rests upon an independent ground to which no point
of error has been assigned).

 As previously mentioned, Cafe asserted various grounds in support of its motion for
summary judgment. One involved the contention that it was somehow immunized or
excused from any recovery for negligence per se since it had received a certificate of
occupancy from the City of Lubbock. Another involved the contention that Fogel's conduct
was the sole proximate cause of his injuries. Whether these were grounds upon which the
trial court relied in granting summary judgment is unknown. Yet, because the trial court did
not specify the grounds upon which it relied, Fogel was obligated to illustrate why the two
we have named did not support the judgment. Star-Telegram, Inc. v. Doe, supra; Carr v.
Brasher, supra; Malooly Bros., Inc. v. Napier, supra; Granada BioSciences, Inc. v. Barrett,
supra. This he did not do. He addressed neither ground in his appellate brief. Nor did he
assign a point of error directly attacking either. See Boss v. Prince's Drive-Ins, 401 S.W.2d
140, 142-143 (Tex. Civ. App.--Waco 1966, writ ref'd n.r.e) (holding that the plaintiff's
injuries were directly caused by his assumption of the role of mediator which he knew was
likely to provoke the combatants to injure him and which he admits would not have
occurred but for his intercession). Consequently, he did not satisfy his burden on appeal,
and we may affirm the judgment on that basis.

 Accordingly, we affirm the summary judgment. 


 Brian Quinn

 Justice