Appellees= Motion for Rehearing Overruled; Reversed and Remanded;
Opinion of February 13, 2007 Withdrawn and Substitute Opinion filed April 12,
2007








Appellees= Motion for Rehearing Overruled; Reversed and Remanded; Opinion of February 13, 2007 Withdrawn
and Substitute Opinion filed April 12, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01068-CV

____________

 

WILLIAM CHOICE, Appellant

 

V.

 

RICHARD A. GIBBS AND MARY C.
EDWARDS,
Appellees

 



 

On Appeal from the 127th
District Court

Harris County, Texas

Trial Court Cause No. 04-25167

 



 

S U B S T I T U T E   O P I N I O N[1]

In this negligence case, a contractor appeals a no-evidence
summary judgment rendered in favor of the homeowners he sued after allegedly
suffering an electrocution while performing work on their premises.  Concluding
that a genuine issue of material fact as to causation precludes summary
judgment, we reverse and remand.








I.  Factual
and Procedural Background

Appellant/plaintiff William Choice was installing a bathtub
at the residence of appellees/defendants Richard A. Gibbs and Mary C. Edwards. 
Choice alleged that while at their home to perform this work, he came into
contact with loose wires protruding from the walls on the staircase, and, as a
result, he was electrocuted.  Although he attempted to continue the bathtub
installation, Choice grew very weak and had difficulty breathing.  An on-site
co-worker called an ambulance, which arrived at the scene immediately.  Choice
underwent an electrocardiogram (AEKG@) and several
other diagnostic tests, and was informed that he had suffered a heart attack.  

Choice brought a negligence suit against the homeowners,
asserting that they were negligent in leaving live electrical wires exposed at
a workplace where an invitee could be electrocuted.  The homeowners filed a
no-evidence motion for summary judgment contending that Choice had no evidence
of causation.  In his response to the no-evidence motion,  Choice included his
pleadings, his own deposition testimony, and the affidavit of Dr. Louis Train,
a medical doctor.  The homeowners filed objections to Dr. Train=s affidavit.  In a
filing in the trial court, Choice stated that he intended to supplement his
response with the affidavit of Dr. Mark Levinson as evidence to support Choice=s position that
the alleged electrocution caused his heart attack.  The homeowners filed
supplemental objections against Dr. Levinson=s affidavit.








Before ruling on the summary-judgment motion, the trial
court sustained the homeowners= objections to Dr. Levinson=s affidavit,
struck that affidavit, and stated in an order that the court would not consider
Dr. Levinson=s affidavit.  Although the homeowners submitted a
proposed order for the trial court to use in sustaining their objections to Dr.
Train=s affidavit, the
trial court did not sign this proposed order, and the record contains no ruling
on the homeowners= objections to Dr. Train=s affidavit. The
trial court subsequently granted the homeowners= motion for
summary judgment.[2]

II. Issue Presented

Choice asserts on appeal that the trial court erred in granting
the no-evidence motion for summary judgment because he provided an expert
affidavit stating that his electrocution was the cause of his subsequent heart
attack.[3]


                                 III.  Summary Judgment Analysis








In reviewing a no‑evidence summary judgment, we
ascertain whether the nonmovant pointed out summary‑judgment evidence of
probative force to raise a genuine issue of fact as to the essential elements
attacked in the no‑evidence motion.  Johnson v. Brewer &
Pritchard, P.C., 73 S.W.3d 193, 206B08 (Tex. 2002). 
We take as true all evidence favorable to the nonmovant, and we make all
reasonable inferences therefrom in the nonmovant=s favor.  Dolcefino
v. Randolph, 19 S.W.3d 906, 916 (Tex. App.CHouston [14th
Dist.] 2000, pet. denied).  A no‑evidence motion for summary judgment
must be granted if the party opposing the motion does not respond with
competent summary‑judgment evidence that raises a genuine issue of
material fact.  Id. at 917.  When, as in this case, the order granting summary judgment
does not specify the grounds upon which the trial court relied, we must affirm
summary judgment if any of the independent summary-judgment grounds is
meritorious.  FM Props. Operating Co. v. City of Austin, 22 S.W.3d 868,
872 (Tex.  2000).

It was Choice=s burden to
respond to the homeowners= motion for summary judgment with
competent summary‑judgment evidence that raised a genuine issue of
material fact.   Dolcefino, 19 S.W.3d at 917.  Choice contends
the summary-judgment evidence raised a  fact issue as to causation.  Before
tackling this issue, we first address whether expert testimony was required to
raise a fact issue as to whether the homeowners= alleged
negligence in leaving wires exposed caused Choice=s injuries.

A.      Is expert
testimony required to raise a fact issue as to whether Choice=s heart attack was
caused by the homeowners= negligence? 








To prevail on his premises-liability theory, Choice must
show that (1) the homeowners had actual or constructive knowledge of some
condition on the premises, (2) the condition posed an unreasonable risk of
harm, (3) the homeowners did not exercise reasonable care to reduce or
eliminate the unreasonable risk of harm, and (4) the homeowners= failure to use
reasonable care to reduce or eliminate the unreasonable risk of harm
proximately caused Choice=s injuries.  See CMH Homes, Inc. v.
Daenen, 15 S.W.3d 97, 99 (Tex. 2000).[4] 
Proximate cause has two elements: cause in fact and foreseeability.  Travis
v. City of Mesquite, 830 S.W.2d 94, 98 (Tex. 1992).  The test for cause in
fact is whether the act or omission was a substantial factor in causing the
injury without which the harm would not have occurred.  Marathon Corp. v.
Pitzner, 106 S.W.3d 724, 727 (Tex. 2003). 

In response to the homeowners= no-evidence
motion for summary judgment, Choice had the burden to produce summary-judgment
evidence that the occurrence in question was a foreseeable result of a failure
by the homeowners to use reasonable care to reduce or eliminate an unreasonably
dangerous premises condition, and that their failure was a substantial factor
in causing Choice=s injuries. See Burroughs Wellcome Co. v.
Crye, 907 S.W.2d 497, 499 (Tex. 1995).   The causal link between the event
forming the basis of the suit and the plaintiff=s injuries must be
shown by competent evidence.  Morgan v. Compugraphic Corp., 675 S.W.2d
729, 731 (Tex. 1984).  Whether expert testimony is necessary to prove a matter
or theory is a question of law.   FFE Transp. Servs., Inc. v. Fulgham, 154
S.W.3d 84, 89 (Tex. 2004); see also Schneider v. Haws, 118 S.W.3d 886,
893 (Tex. App.CAmarillo 2003, no pet.) (stating that expert testimony
not always required to establish causation).  








We conclude that the Supreme Court of Texas=s opinion in Insurance
Co. of North America v. Kneten answers the question of whether Choice needs
expert testimony to prove the cause-in-fact prong of proximate cause.  440
S.W.2d 52 (Tex. 1969).  Kneten was a workers= compensation case
in which an employee suffered a heart attack shortly after being electrocuted
on the job.  Id. at 52B53.  The employee-plaintiff, Kneten, was
working while standing on a ladder and drilling a hole into a window frame.  Id.  
A bare wire in the cord to the drill hit his wrist, and he felt an electric
shock go through his body.  Id.  Kneten finished drilling, but his
physical condition continued to worsen, forcing him to the go to the doctor.  Id. 
It was later determined that Kneten had suffered a heart attack and that he
suffered from hardening of the arteries at the time of his electrocution and
heart attack.  Id.         At trial, only one medical expert, Dr. Sloan,
testified.  He stated that he could not say without medical doubt that the
occurrence on the ladder had caused Kneten=s heart attack,
but that it was a Astrong possibility.@  Id.  Dr.
Sloan testified that the electric shock A>could have= been a
contributing factor,@ but he did not testify that, in his
opinion, the electrocution caused Kneten=s heart attack
within a reasonable medical probability.  See id. at 53.  

After the trial court rendered judgment in favor of Kneten
based on the jury=s verdict, the insurer appealed, asserting
the evidence at trial was legally insufficient as to causation because there
was no expert testimony showing a reasonable medical probability that the
occurrence caused Kneten=s heart attack.  See id.  The
Supreme Court of Texas concluded that such expert testimony was unnecessary and
that the evidence at trial was legally sufficient.  See id. at 53B54.  Our high
court held the following was sufficient to raise a genuine issue of material
fact as to causation: 

(1)     lay testimony providing direct evidence of
the prompt onset of symptoms following electrocution, and

(2)     expert
medical testimony that such an electrocution could have caused the plaintiff=s heart attack.  

See
id.
at 54.  Thus, under Kneten, when the onset of a heart attack occurs
immediately after an electrocution, it is not necessary for an expert to testify
to a Areasonable medical
probability@ that the electrocution caused the plaintiff=s damages.  Id. 









Kneten was a workers= compensation
case, and the case before us is not.  However, the Kneten court did not
rely upon any statute or principle unique to the workers= compensation
context, and the cause in fact principles in workers= compensation
cases are the same as those in common-law negligence cases such as this one.  See Parker v. Employers Mut.
Liab. Ins. Co. of Wis., 440 S.W.2d 43, 45 (Tex. 1969) (stating that the
principles in workers= compensation cases for determining whether a worker=s employment was cause in fact of his
injury are the same as those in common-law negligence cases for determining
whether a party=s negligence was cause in fact of the plaintiff=s injury).  Therefore, we conclude
that, under binding precedent, Choice was not required to produce expert
testimony that the electrocution caused his damages within a Areasonable medical
probability.@[5]  See Kneten,
440 S.W.2d at 54.   

B.      Is there a
fact issue as to cause in fact?








Both in the trial court and on appeal, the homeowners
assert that, although Choice suffered a heart attack, there is no evidence the
heart attack was caused by any electrocution while Choice was working in their
residence.  There is no dispute that Choice suffered a heart attack.[6] 
Furthermore, the summary-judgment evidence contains excerpts from Choice=s deposition in
which he testifies to the prompt onset of heart-attack symptoms after being
electrocuted when he touched exposed wires while working at the homeowners= residence.[7] 
Therefore, the first prong of Kneten is satisfied because there is lay
testimony providing direct evidence of the prompt onset of symptoms following
electrocution.  See Kneten, 440 S.W.2d at 53B54.

The summary-judgment evidence also contains Dr. Train=s affidavit, which
the trial court did not strike.  In this affidavit, Dr. Train states in
pertinent part: 

(1)     My name is Dr. Louis Train. I am at least
eighteen years of age, of sound mind, and capable of making this statement, and
swearing to its truthfulness. 

(2)     I am a doctor of medicine, practicing in
Houston, Texas for over 25 years.

(3)     I have reviewed the medical information
concerning the heart attack suffered by Willie Choice.

(4)     I understand that Mr. Choice was subject to
electrocution.

(5)     It is my opinion, based on common medical
belief, my experience, and my medical knowledge, that people with some arterial
blockage are not necessarily going to suffer a heart attack. Rather, some
people with this condition to [sic] suffer a heart attack, and some do not.

(6)     Similarly, some people with arterial
blockage may require surgery; some will not.








(7)     A cardiac situation that features arterial
blockage would be exacerbated by an electrocution. 

(8)     It is my
belief, based on the medical records that I have reviewed, that an
electrocution caused the heart attack suffered by Mr. Choice.  

The homeowners assert that Dr. Train=s affidavit is not
admissible in evidence for various reasons, including failure to show how Dr.
Train is qualified to testify and lack of reliability under Texas Rule of
Evidence 702.  However, this court cannot address the alleged inadmissibility
of Dr. Train=s affidavit because the homeowners waived their
evidentiary objections to Dr. Train=s affidavit by
failing to obtain a ruling from the trial court on these objections.  See,
e.g., Vansteen Marine Supply, Inc. v. Twin City Fire Ins. Co., 93
S.W.3d 516, 520 n.3 (Tex. App.CHouston [14th Dist.] 2002,  pet. denied)
(holding appellee waived its numerous objections to summary-judgment evidence
by not obtaining rulings from trial court);  Rogers v. Cont. Airlines, Inc.,
41 S.W.3d 196, 200 (Tex. App.CHouston [14th Dist.] 2001, no pet.)
(holding that party objecting to summary-judgment evidence must obtain  rulings
on objections in the trial court; otherwise, the objections are waived and the
evidence will be considered in reviewing the summary judgment); Dolcefino,
19 S.W.3d at 926B27 (emphasizing the need for a party
objecting to summary-judgment evidence to obtain a written ruling on the
objections and holding that, on record before it, appellate court could not
presume an implicit ruling by the trial court on objections to summary-judgment
evidence based on trial court=s ruling on summary-judgment motion). 
Although the trial court concluded that Dr. Train=s affidavit did
not raise a genuine issue of material fact precluding summary judgment, the
court never ruled on the homeowners= objections to Dr.
Train=s affidavit. 








The homeowners also assert on appeal that Dr. Train=s affidavit is
conclusory, and they still may assert this argument despite their failure to
obtain a ruling in the trial court on their objections.  See Coastal
Transp. Co., Inc. v. Crown Cent. Petroleum Corp., 136 S.W.3d 227, 232 (Tex.
2004) (stating that even unobjected‑to conclusory testimony does not
raise a fact issue).  However, as discussed above, the Kneten court
concluded that a medical expert=s simple statements to the effect that the
electrocution of the plaintiff could have caused the plaintiff=s heart attack
constituted sufficient expert testimony to raise a fact issue as to cause in
fact in a case in which there was lay testimony that the plaintiff experienced
heart-attack symptoms shortly after being electrocuted.  See Kneten, 440
S.W.2d at 53B54 (concluding medical expert=s simple
statements that there was a Astrong possibility@ the electrocution
precipitated Kneten=s heart attack and that the electrocution A>could have= been a
contributing factor@ were sufficient expert testimony to raise
a fact issue on causation in fact when combined with lay testimony regarding
the prompt onset of heart-attack symptoms following electrocution). Under Kneten,
Dr. Train=s testimony that he believes the electrocution caused
Choice=s heart attack,
combined with the evidence of the prompt onset of heart-attack symptoms
following electrocution, also raises a genuine fact issue.  See id.
Likewise, although the homeowners claim the evidence did not raise a fact issue
because there was no expert testimony based on a reasonable medical
probability, the Kneten court held that such expert testimony is
unnecessary under these circumstances. See id.  Under the controlling
precedent of Kneten, which this court must follow, the summary-judgment
evidence raised a genuine issue of material fact as to whether the alleged
negligence of the homeowners was the cause in fact of Choice=s heart attack and
damages.  See id.  

C.      Is there a fact issue as to foreseeability?








We now must determine if there is a fact issue regarding
the foreseeability element of proximate cause.  In the context of proximate
cause, foreseeability requires that a person of ordinary intelligence would
have anticipated the danger created by a negligent act or omission, although it
is not required that such a person would anticipate the precise manner in which
injury will occur once he has created a dangerous situation through his
negligence.  Read v. Scott Fetzer Co., 990 S.W.2d 732, 737 (Tex. 1998); Yarborough
v. Erway, 705 S.W.2d 198, 203 (Tex. App.CHouston [14th
Dist.] 1985, writ  ref=d n.r.e.).  The question of foreseeability
involves a practical inquiry based on common experience applied to human
conduct.  Read, 990 S.W.2d at 737 (quotations omitted).  

In their motion for summary judgment, the homeowners
challenged only the essential element of causation.[8] 
We already have concluded that there is a genuine issue of material fact
regarding cause in fact.  Therefore, in determining whether there is a fact
issue as to foreseeability, we presume for the sake of argument the following: 

(1)     The homeowners had actual or constructive
knowledge of a condition on their premises that posed an unreasonable risk of
harm.

(2)     The homeowners did not exercise reasonable
care to reduce or eliminate the unreasonable risk of harm.

(3)     The
homeowners= failure to use reasonable care to reduce or eliminate
the unreasonable risk of harm was a cause in fact of Choice=s  injuries. 

We conclude that there is a genuine issue of material fact
as to whether a person of ordinary intelligence would have anticipated (1) the
danger created by failing to reduce or eliminate the unreasonable risk of harm
caused by live electrical wires extending out of a hole in the wall in a house
in which contractors were working and (2) that a contractor working in the
house could be electrocuted and injured by coming into contact with the exposed
wires.  See Read, 990 S.W.3d at 737 (holding there was a genuine issue
of fact as to the foreseeability element of proximate cause); Wald-Tinkle
Packaging & Dist., Inc., No. 01-02-01100-CV, 2004 WL 2966293, at *3
(Tex. App.CHouston [1st Dist.] Dec. 23, 2004, no pet.) (mem op.)
(same).  Therefore, the summary-judgment evidence raises a genuine issue of
material fact as to whether it was foreseeable that the homeowners= alleged
negligence would cause Choice=s damages.  








Because the summary-judgment evidence raises a genuine
issue of fact as to the essential element of proximate cause, we sustain Choice=s first issue,
reverse the trial court=s judgment, and remand for further 
proceedings consistent with this opinion.[9]


 

 

/s/      Kem Thompson Frost

Justice

 

 

Judgment rendered;  Opinion of
February 13, 2007 Withdrawn and Substitute Opinion filed April 12, 2007.

Panel consists of Justices Fowler,
Edelman, and Frost.









[1]  We overrule appellees= motion for rehearing, withdraw the opinion issued on  February 13,
2007, and issue this substitute opinion in its place.





[2]  In its order granting summary judgment, the trial court stated that the
court had Asustained, in part, Defendants= objections to these affidavits as
reflected in previous orders of this Court.@  By this statement the trial court refers to the prior
rulings of the court and does not purport to rule on any of the homeowners= objections.  This statement is
consistent with the trial court=s previous rulings in which it sustained the homeowners= objections to Dr. Levinson=s affidavit and did not rule on
their objections to Dr. Train=s affidavit.  The trial court did not state that it had sustained or
otherwise ruled on any objections to Dr. Train=s affidavit. In the summary-judgment order, the
trial court also states that it found the affidavits of both Dr. Levinson and
Dr. Train were insufficient to carry Choice=s burden to bring forth legally sufficient evidence to
raise a genuine issue of fact on causation.  As to Dr. Train=s affidavit, this finding is
consistent with the court=s failure to rule on the homeowners= objections to this affidavit. 
Given that this court can dispose of this appeal without relying on Dr.
Levinson=s affidavit, we need not address
the effect, if any, of this language on the trial court=s prior order striking Dr. Levinson=s affidavit in its entirety.





[3]  In his second issue, Choice asserts the trial court erred in requiring
him, in a non-medical malpractice case, to produce an expert report similar to
that required by statute in medical-malpractice cases.  However, the record does not reflect that the trial
court required Choice to provide the type of expert report that would be
required in a medical-malpractice case.  Accordingly, we overrule Choice=s second issue.  





[4]  Choice also alleged a negligent-activity theory.  Specifically, he
alleged the homeowners failed to discover and remove the exposed wiring within
a reasonable time, failed to warn him of an unsafe condition, and breached
their duty to keep the area where contractors would be working free and clear
of exposed electrical wiring. The gravamen of Choice=s complaint, however, is not that
of negligent activity but that the homeowners were negligent in failing to keep
the premises safe from a known, dangerous condition, that is, exposed
electrical wires.  See Keetch v. Kroger Co., 845 S.W.2d 262, 264 (Tex.
1992) (distinguishing between negligent-activity claim and premises‑liability
claim).  Accordingly, Choice=s negligence claim is one for premises liability rather than negligent
activity.

 

 





[5]  Prior to 1989, there was no specific statute dealing
with the compensability of heart attacks under the workers= compensation statute.  See Transcontinental Ins. Co. v. Smith, 135 S.W.3d 831, 836 (Tex. App.CSan Antonio 2004, no pet.).  Following changes to the
workers= compensation statute in 1989, a heart attack is a
compensable injury under that statute only if:

(1) the attack can be identified as:

    (A) occurring at a definite time and place;  and

    (B) caused by a specific event occurring in the
course and scope of the employee=s
employment;

(2) the preponderance of the medical evidence
regarding the attack indicates that the employee=s work rather than the natural progression of a preexisting heart
condition or disease was a substantial contributing factor of the attack;  and

(3) the attack was not triggered solely by emotional
or mental stress factors, unless it was precipitated by a sudden stimulus. 

 

Tex. Lab. Code Ann. ' 408.008 (Vernon Supp. 2006).  

 

In workers= compensation cases, a question might arise regarding the extent to
which the Kneten opinion has survived the enactment of this statute. See
Transcontinental Ins. Co., 135 S.W.3d at 836.  However, we need not decide
that issue in this case because section 408.008 of the Texas Labor Code does
not apply to this case.  See Tex.
Lab. Code Ann. ' 408.008 (Vernon 2006).  Thus, for the purposes of our
analysis in determining whether the evidence raised a genuine issue of material
fact as to the issue of causation, we apply the standard set forth in Kneten.





[6]  In their motion for summary judgment, the homeowners
assert that Choice suffered an Aacute
myocardial infarction@ but that it was not caused by any alleged
electrocution.  On appeal, we accept as true Choice=s assertion in his statement of facts that emergency
medical personnel informed him that he had suffered a heart attack.  See Tex. R. App. P. 38.1(f) (stating that,
in civil cases, appellate courts will accept as true the facts stated in
appellant=s statement of facts unless another party contradicts
them).  Not only did the homeowners not contradict this statement in their appellate
brief, they again asserted that Choice had suffered a heart attack but that it
was not caused by any alleged electrocution.





[7]  In these deposition excerpts, Choice testifies as follows: 

 

!          Immediately upon coming
into contact with the wires, he was shocked and stumbled over into his
brother-in-law, who was working with him at the time.  

!          Immediately thereafter,
Choice became weak and had difficulty breathing.   

!          Although Choice tried to
resume installation of the bathtub, he reached a point at which he felt like he
was having a heart attack and asked his brother-in-law to call an ambulance.  

!          An ambulance arrived and
the paramedics administered an EKG and several other diagnostic tests and gave
him Anitro.@  

 

 

 

 

 





[8]  Our decision in this appeal does not affect the
homeowners= right to challenge other essential elements on
remand, should they wish to do so.





[9]  Because there is a genuine issue of material fact
without considering Dr. Levinson=s
affidavit, we need not and do not include that affidavit, or any issue relating
thereto, in our analysis.