Delilah MORRIS, Appellant

v.

C. C. BARNETTE, d/b/a We Never Close Coin-O-Mat, et al., Appellees.

No. 8471.

Court of Civil Appeals of Texas, Texarkana.

June 21, 1977.

Rehearing Denied July 12, 1977.

Harry B. Friedman, Harkness, Friedman & Kusin, Texarkana, for appellant.

Charles D. Barnette, Arnold, Arnold, Lavender & Rochelle, Texarkana, Ark., for appellees.

CHADICK, Chief Justice.

A summary judgment dismissing with prejudice the action of plaintiff below was entered in the trial court. The judgment is reversed and the case remanded to the trial court.

In summary, this is a suit by a business invitee against the possessor of business premises, open to the public, to recover both actual and exemplary damages for personal injuries inflicted by the acts of a third person. Mrs. Delilah Morris pled that she was a customer and invitee at a washateria operated by C. C. Barnette, d/b/a We Never Close Coin-O-Mat Washateria and We Never Close Coin-O-Mat Washateria, when she was physically and sexually assaulted and injured; that the negligence of Barnette and We Never Close Coin-O-Mat Washateria was a proximate cause of her injury; the negligence alleged was "[F]ailure to take such necessary precautions, such as having a watchman, an alarm, or some type of protection as would have protected

Plaintiff, an invitee, from the occurrence herein complained of." The indicated defendants answered with numerous special exceptions and a general denial. Hereafter, reference to Barnette includes reference to We Never Close Coin-O-Mat Washateria unless the context clearly indicates otherwise.

With reference to the duty of a possessor of business premises to control the conduct of a third party on the premises, Prosser, The Law of Torts, p. 405 (3rd Ed. 1964), says that:

"In particular, the possessor must exercise the power of control or expulsion which his occupation of the premises gives him over the conduct of a third person who may be present, to prevent injury to the visitor at his hands. He must act as a reasonable man to avoid harm from the negligence of . . . other persons who have entered it, or even from intentional attacks on the part of third persons. But he is required to take action only when he has reason to believe, from what he has observed or from past experience, that the conduct of the other will be dangerous to the invitee. Again, in the usual case, a warning will be sufficient precaution, unless it is apparent that, either because of lack of time or by reason of the character of the conduct to be expected on the part of the third person, it will not be effective to give protection."

American Law Institute's Restatement of the Law of Torts, Second, Sec. 344 (1965), states:

"A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to the members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to (a) discover that such acts are being done or are likely to be done, or (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it."

Comment f under the quoted section discusses the duty of the possessor of the land to police the premises and says:

"Since the possessor is not an insurer of the visitor's safety, he is ordinarily under no duty to exercise any care until he knows or has reason to know that the acts of the third person are occurring, or are about to occur. He may, however, know or have reason to know, from past experience, that there is a likelihood of conduct on the part of third persons in general which is likely to endanger the safety of the visitor, even though he has no reason to expect it on the part of any particular individual. If the place or character of his business, or his past experience, is such that he should reasonably anticipate careless or criminal conduct on the part of third persons, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection."

No washateria operation case from this or another jurisdiction has been cited or found. However, the duty and liability of a possessor of land held open to the public for the possessor's business purposes has been the subject of comment and decision in a variety of Texas cases. See *Eastep v. Jack-In-The-Box, Inc.,* 546 S.W.2d 116 (Tex.Civ.App. Houston–14th 1977, no writ); *Prokop v. Gulf, C. &. S. F. Ry. Co.,* 34 Tex.Civ.App. 520, 79 S.W. 101 (1904), writ ref'd); *East Texas Theatres, Inc. v. Rutledge,* 453 S.W.2d 466 (Tex.1970); *Marek v. Southern Enterprises, Inc. of Texas,* 128 Tex. 377, 99 S.W.2d 594 (1936, opinion adopted); *Rosas v. Buddies Food Store,* 518 S.W.2d 534 (Tex. 1975); see also 70 A.L.R.2d 628. From these respected sources it appears, by analogy, that the operator of a washateria business who, by reason of location, mode of doing business, or observation or past experience, should reasonably anticipate criminal conduct on the part of third persons, either generally or at some particular time, has a duty to take precautions against it and to provide an effective warning or a reasonably sufficient number of servants to afford reasonable protection to invitees on the premises.

■ A movant for summary judgment, Barnette in this instance, under the provisions of Tex.R.Civ.P. 166–A is entitled thereto if the record shows ". . . there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Great American R. Ins. Co. v. San Antonio Pl. Sup. Co.,* 391 S.W.2d 41 (Tex.1965); *Gibbs v. General Motors Corporation,* 450 S.W.2d 827 (Tex.1970); *Odom v. Insurance Company of State of Penn.,* 455 S.W.2d 195 (Tex.1970); *Rosas v. Buddies Food Store,* supra; 4 McDonald's, Texas Civil Practice, Sec. 17.26.2.

■ The record does not show Barnette entitled to summary judgment. It is elementary that in a conventional trial Mrs. Morris would have the burden of proving the several elements of her cause of action. Her pleadings placed on her the burden of proving the Barnette's washateria's location, or its mode of operation, or Barnette's past observation or experience in its operation was such that he should have reasonably anticipated criminal conduct on the part of third persons therein and that he did not take precaution against such conduct and provide an effective warning or a reasonably sufficient number of servants to afford Mrs. Morris reasonable protection. The cases last cited are authority for the proposition that Barnette, as movant, had the burden of disproving as a matter of law one or more of the elements of Mrs. Morris' action, that is, that the place or mode of operation of his business or his past observation or experience was not such that he should have reasonably anticipated criminal conduct, etc. Barnette made no effort to produce such summary judgment proof and as a consequence nothing in the pleadings, deposition, answers to interrogatories, admissions on file or affidavits discharged Barnette's burden of showing entitlement to a judgment as a matter of law. His motion was improperly granted. Appellant's points of error Nos. 1 and 4 are sustained.

Appellant's other points of error, Nos. 2 and 3, are overruled. For the reasons discussed, the judgment of the trial court is reversed and the case is remanded for a new trial.