Hector CASTILLO, Sr. a/n/f Hector
Castillo, Jr. and Ricardo
Castillo, Appellants,

v.

SEARS, ROEBUCK & CO. and Mall Del
Norte, Appellees.

No. 04–81–00383–CV.

Court of Appeals of Texas,
San Antonio.

Nov. 30, 1983.

Rehearing Denied Dec. 27, 1983.

C.M. Zaffirini, Zaffirini & Volpe, Arturo Volpe, Laredo, for appellants.

Jess W. Young, Young & Murray, Inc., San Antonio, for appellees.

Before ESQUIVEL, CANTU and REEVES, JJ.

OPINION

ESQUIVEL, Justice.

MOTION TO RECONSIDER APPELLEES' MOTION TO DISMISS APPEAL OR IN THE ALTERNATIVE AFFIRM THE JUDGMENT OF THE TRIAL COURT

Before discussing the merits of this case, we must consider the appellees' motion to dismiss or in the alternative affirm the judgment of the trial court. Appellees contend that the appellants' brief was not filed within the required thirty (30) day period immediately following the filing of the Transcript as prescribed by Rule 414.[1] Appellants also had not filed a Motion to Extend Time for filing the Appellants' Brief until forty-seven (47) days after the proper time for filing. Appellees further urge that

---

1. All reference to Rules are to the Texas Rules of Civil Procedure.

the appellants' failed to show good cause for the late filing.

The trial court entered a summary judgment in this case on October 17, 1981. The appeal bond was filed October 21, 1981 and the transcript on October 29, 1981. The appellants' brief was due November 28, 1981. After examining the record in this case and noting that the appellants had not filed their brief by the date due, the Clerk of this Court, on January 14, 1982, notified counsel for the appellants' of this failure and of their failure to file a motion for extension of time to file appellants' brief. Appellants' response to this letter was a "motion for extension of time to file appellants' record [sic]" filed on January 22, 1982. Appellants tendered their brief as an attachment to their motion. This court granted appellants' motion for extension of time to file appellants' brief and denied the appellees' motion to dismiss on March 11, 1982.

■ Rule 414 provides that appellant's brief shall be filed within thirty days after the record is filed, and that upon reasonable explanation shown,[2] the court of appeals may grant an extension of time. Such rule standing alone would hardly vest our court with any discretion to allow an extension of time except upon a showing of a reasonable explanation. However, Rule 415, which authorizes the court to dismiss the appeal for want of prosecution where appellant has failed to timely file his brief or show a reasonable explanation with no material injury to appellee, provides by clear and unambiguous terms that the court *may* decline, in any event to dismiss the appeal. *Hoke v. Poser,* 384 S.W.2d 335, 336 (Tex. 1964); *Johnston Sales Company v. Lizana,* 508 S.W.2d 693, 695 (Tex.Civ.App.—San Antonio 1974, no writ). Thus, the court of appeals "may" grant either party further time for filing briefs, and courts of appeals are given broad discretion regarding the time for filing the same. *Rodriquez v.*

*Flores,* 426 S.W.2d 285, 286 (Tex.Civ.App.—San Antonio 1968, no writ).

■ In his motion for extension of time, counsel for appellants explained that he completed the appellants' brief prior to its due date, but that his office failed to record the filing deadline for the brief on the office calendar. He was not aware that the brief had not been filed until the Clerk of this Court notified him by letter. A strict showing of a reasonable explanation is not necessary. *Akers v. City of Grand Prairie,* 572 S.W.2d 22, 23 (Tex.Civ.App.—Dallas 1978, no writ). A "reasonable explanation" is any plausible statement of circumstances indicating that failure to file within the period prescribed by the applicable rule was not deliberate or intentional, but was the result of inadvertence, mistake or mischance. *Meshwert v. Meshwert,* 549 S.W.2d 383, 384 (Tex.1977). In this case, appellants' counsel cites "office error" as the reason for the untimely filing. Although this reason is tenuous, and we disapprove of this practice, we cannot say that the appellees were harmed by the delay. The late filing of appellants' brief did not delay submission of this cause, nor did it prejudice the appellees' ability to respond to the appellants' brief since we granted their motion for extension of time to file appellees' brief when this case had not yet been set for submission. For these reasons dismissal of the cause would be unwarranted. *Montgomery Ward & Co. v. Dalton,* 602 S.W.2d 130, 131 (Tex.Civ.App.—El Paso 1980, no writ). Therefore, appellees' motion to dismiss the appeal or affirm the judgment of the trial court is denied.

## MERITS

This is an action by appellants, two business invitees, for damages for injuries allegedly resulting from the negligence of the defendant retail storekeeper and the defendant shopping Mall. The defendants', Sears, Roebuck & Company (Sears) and

---

**2.** Rules 414 and 415 were amended on January 1, 1981. The words "reasonable explanation" were substituted for "good cause."

Mall Del Norte (Mall), motion for summary judgment was granted. We affirm.

The appellants bring nine points of error, but the sole issue on appeal is whether the pleadings, deposition and affidavits presented to the trial judge upon consideration of the motion for summary judgment "show that, . . . there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 166–A.

■■■ Plaintiffs' first amended original petition alleges that:

### IV.

It is shown that on the occasion in question defendants were negligent in each of the following respects, and [sic] one of which taken either separately or concurrently with another, was a proximate cause of the injuries and damages sustained by the plaintiffs.

1. In allowing the plaintiffs to be assailed and assaulted by Rodolfo Torres, Jr. and one unknown person while at the Sears store at Mall del Norte.
2. In failing to assist the Plaintiffs as they were being assaulted.
3. In failing to take measures to prevent the assault by restraining the said Torres.

\*   \*   \*   \*   \*   \*

### V.

It is further shown that on the occasion in question, defendants had a duty to plaintiffs in each of the following respects, any one of which taken either separately or concurrently with another, whose breach was the proximate cause of the injuries and damages sustained by the Plaintiffs:

1. Defendants, by reason of their location, mode of business observation or past experience should reasonably anticipate criminal conduct by third persons on their premises, either generally or as is the case at bar on or about Christmas time, at some particular time have a duty to take precautions against such criminal conduct and to provide an effective warning or a reasonably sufficient number of servants, employees, or agents to afford reasonable protection to their business invitees on the premises.

Sears and the Malls' motion for summary judgment was based on the pleadings (plaintiff's amended complaint and the defendants' first amended original answer), and the depositions of the appellants, portions of which are extensively quoted in the motion. Although appellees' motion for summary judgment relies on and quotes at length from the alleged oral depositions of the appellants, both parties to this action have failed to bring forward on appeal the mentioned depositions of the appellants. It is apparent that the record on appeal is not the complete record which was before the trial court. Though we have no doubt that depositions were taken, the quotations from the deposition of the appellants in the defendants' motion for summary judgment, unauthenticated as they are, amount to no more than hearsay from outside the record, and therefore cannot be given the effect of testimony. *Nagelson v. Fair Park National Bank,* 351 S.W.2d 925, 929 (Tex.Civ.App.— Dallas 1961, writ ref'd n.r.e.). In the absence of the complete record considered by the trial court, the presumption on appeal is that the omitted depositions established the propriety of the summary judgment rendered below. *Bering v. Republic Bank of San Antonio,* 581 S.W.2d 806, 809 (Tex.Civ. App.—Corpus Christi 1979, writ ref'd n.r. e.); *Williams v. Mack Financial Corp.,* 505 S.W.2d 316, 319 (Tex.Civ.App.—Tyler 1973, writ ref'd n.r.e.). We therefore will not consider that portion of defendants' motion that quotes from the appellants' deposition.

Appellants contend that a genuine issue of material fact exists in the following respects: 1) whether Sears and the Mall owe their patrons a duty of security; 2) whether the failure to provide such security was the proximate cause of the appellants' injuries, and 3) whether Sears and the Mall should have foreseen the possibility of criminal acts of third persons in their place of business. Appellants also allege that the affidavit of an expert witness stating his opin-

ion about the security at Sears and the Mall raised a substantial fact issue, and that the trial court therefore erred in granting the appellees' motion for summary judgment. We do not agree.

In reviewing a summary judgment record, it is the duty of the appellate court to apply the following rules: 1) A defendant moving for summary judgment assumes the burden of showing as a matter of law that the plaintiff had no cause of action against him. *Citizens First National Bank of Tyler v. Cinco Exploration Co.,* 540 S.W.2d 292, 294 (Tex.1976). The question then becomes whether Sears and the Mall's summary judgment proof establishes as a matter of law, that at least one or more essential elements of the Castillo brothers' cause of action does not exist. *Rosas v. Buddies Food Store,* 518 S.W.2d 534, 537 (Tex.1975). 2) In deciding whether or not there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant (the Castillo brothers) will be taken as true. *Cowden v. Bell,* 157 Tex. 44, 300 S.W.2d 286, 287 (1957). 3) Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in their favor. *Wilcox v. St. Mary's University of San Antonio, Inc.,* 531 S.W.2d 589, 593 (Tex.1975); *Hudnall v. Tyler Bank & Trust Co.,* 458 S.W.2d 183, 185 (Tex.1970).

The facts, as summarized by the appellants, are that Hector and Ricardo Castillo were shopping in the Sears store located in the Mall del Norte in Laredo, Texas on December 21, 1979. While shopping in the store, the Castillo brothers were approached by Rodolfo and Andres Torres. The Torres' threatened the Castillo brothers and told them to step outside. The Castillo brothers followed the Torres' outside the store. In the area immediately outside the Sears store, the Torres' attacked the Castillo brothers, breaking Hector's jaw and stabbing Ricardo. The Castillo brothers admit that none of the Sears employees witnessed the confrontation either inside or immediately outside the store, and that no employ-

ee of the Mall saw any of the events of the assault.

Appellants allege that the pleadings and depositions raise an issue as to whether Sears and the Mall negligently failed to provide security forces, which negligence proximately caused appellants' injuries. The elements of a cause of action in tort are briefly: 1) duty; 2) breach of that duty; 3) proximate causation; and 4) injury. PROSSER, HANDBOOK OF THE LAW OF TORTS § 30 (4th ed. 1971).

Generally, "duty" is the obligation to conform to a particular standard of conduct toward another. Prosser, *supra* at § 30. The duty of a store owner to its invitees has traditionally been described as taking reasonable care to protect them. 38 TEX.DIGEST 2d "NEGLIGENCE" 32(2.8); Prosser, *supra* at § 61.

A store owner is generally not charged with the duty of protecting its customers against criminal attacks of third parties.[3] Texas courts have recognized, however, that the intervening criminal act of another may not always relieve one of liability for his negligence. *Walkoviak v. Hilton Hotel Corp.,* 580 S.W.2d 623 (Tex. Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.); *Morris v. Barnette,* 553 S.W.2d 648 (Tex.Civ.App.—Texarkana 1977, writ ref'd n.r.e.); and *Eastep v. Jack-in-the-Box,* 546 S.W.2d 116 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.). The Castillo brothers rely on these cases for the proposition that a duty of security was owed them by Sears and the Mall. These cases can be distinguished from the case at bar.

Appellants contend that *Walkoviak* stands for the proposition that an affidavit by an expert witness evaluating the security measures of a business establishment open to the public is sufficient to raise issues of fact, thus precluding a summary judgment. But a careful reading of *Walkoviak* shows that the affidavit *together* with the deposition of a security guard at

---

3. 40 TEX.JUR.2d Part 2 *Negligence* §§ 50 and     54 (1963); *see also* 18 S.TEX.L.J. 612 (1977).

the Hilton and the hotel's answers to interrogatives which revealed lapses in the hotel's security policies is what convinced the court to reverse the summary judgment. The decision in *Walkoviak* was based upon a finding that appellant's summary judgment evidence (affidavit, depositions and interrogatories) raised a fact issue as to whether the hotel acted as a reasonable innkeeper in providing security for its guests under those circumstances. In the present case, appellants included in their motion only an affidavit of a security expert. The affidavit of the expert security witness alone, without additional summary judgment evidence, is not enough to raise issues of fact in this case.

In *Eastep* the court reversed a judgment *non obstante veredicto* for the defendant restaurant and held that the restaurant owed the appellant a duty of reasonable care to protect her from assaults by third persons while on the premises. But the record in *Eastep* contained substantial evidence that the employees, who witnessed the attack on the appellant, were negligent in failing to demand that the perpetrators of the fight leave the premises before the fight began, in failing to timely notify police, and in failing to warn the appellant of the condition and weapons of the attackers before the fight began. In our case, the Castillo brothers admit that no employee of either Sears or the Mall witnessed the assault. Therefore, without evidence that the employees had knowledge of the assault, the appellees can not be held negligent for failing to render aid to the Castillo brothers under *Eastep.*

In *Morris,* the court reversed the summary judgment granted the defendant because Barnette made no effort to produce summary judgment proof that the place or mode of operation of his business or his past observations or experiences were not such that he should have reasonably anticipated criminal conduct on the part of third persons. The court then held that "as a conse-

quence, nothing in the pleadings, deposition, answers to interrogatories, admissions on file or affidavits discharged Barnette's burden of showing entitlement to a judgment as a matter of law." *Id.* at 650. Without the depositions presented to the trial court, the presumption on appeal is that the omitted depositions established the propriety of the summary judgment rendered below. *Bering, supra.* Mere proof of an injury is insufficient summary judgment evidence to defeat a summary judgment motion.

We hold that appellees plead and proved [4] that at least one or more essential elements of the Castillo brothers cause of action did not exist as a matter of law and appellants failed to present sufficient evidence to withstand appellees' motion for summary judgment.

Assuming *arguendo* that the trial court had incorrectly granted appellees' motion for summary judgment we find that no Texas case has been decided on the facts before us. The closest case factually is *Morris.* The appellant in *Morris* was physically and sexually assaulted and injured while at the Barnette Washateria. The appellant alleged that the washateria "failed to take such necessary precautions, such as having a watchman, an alarm, or some type of protection as would have protected plaintiff, an invitee, from the occurrence."

Factual situations like the instant one have arisen in cases in other jurisdictions. Cases which hold the storeowner not liable as a matter of law are *Gillot v. Washington Metropolitan Area Transit Authority,* 507 F.Supp. 454 (D.C.1981) (female attacked and raped in parking lot owned by transit authority brought negligence action for failure to provide police protection); *Cook v. Safeway Stores, Inc.,* 354 A.2d 507 (D.C. 1974) (female shopper assaulted while trying to recover her wallet from purse snatcher in store brought negligence action for failure of store to provide security); *Taylor v. Hocker,* 101 Ill.App.3d 639, 57 Ill.Dec. 112, 428 N.E.2d 662 (1981) (store customer

---

**4.** In this case, the elements would be either proximate cause or duty as per the appellees' answer and motion for summary judgment.

assaulted and brought negligence action against store for failure to provide adequate security); *Davis v. Allied Supermarkets, Inc.,* 547 P.2d 963 (Okl.1976) (female shopper assaulted in parking lot of grocery store brought negligence action for failure to provide adequate security); *Uihlein v. Albertson's Inc.,* 282 Or. 631, 580 P.2d 1014 (1978) (female shopper attacked and robbed while shopping inside retail store brought negligence action against store); *Shipes v. Piggly Wiggly St. Andrews, Inc.,* 269 S.C. 479, 238 S.E.2d 167 (1977) (elderly male shopper attacked in store parking lot brought negligence action against store for failure to provide adequate security); *Cornpropst v. Sloan,* 528 S.W.2d 188 (Tenn.1975) (female shopper assaulted in shopping center parking lot brought negligence action against owners of shopping center and owners of businesses housed in shopping center); *Radloff v. National Food Stores, Inc.,* 20 Wis.2d 224, 121 N.W.2d 865 (1963) (female shopper knocked down and injured as shoplifter tried to escape from store employees brought negligence action for failure of store to provide protection).[5]

The courts in these other jurisdictions, addressing the same issue raised by our appellants in very similar contexts, have almost uniformly declared that there is no duty. The instant case can be distinguished on the facts from our closest Texas case, *Morris.* The third person attack in *Morris* took place at an all night washateria. In most cases, this type of business does not have fulltime employees at the business location. Often patrons are there alone since this type business is often of the self-service variety. In our case, Sears and the Mall have fulltime employees present at the business to care for the buying needs of their patrons. To leave a washateria open all night to patrons without any employees present may impose a duty on the business to provide some sort of security for its business invitees. But it is our opinion that it would be patently unfair and unjust to impose the vague duty of section 344, *Restatement of Torts (Second)* (1966)[6] on the shopkeepers and merchants of Texas to exercise reasonable care to discover the sudden criminal acts of unknown and unidentified persons are being done or likely to be done.

Therefore, in our opinion, the appropriate rule applicable to this case is as follows: There is no duty upon the owners or operators of a shopping center, individually or collectively, or upon merchants and shopkeepers generally, whose mode of operation of their premises does not attract or provide a climate for crime, to guard against the criminal acts of a third party, unless they know or have reason to know that acts are occurring or are about to occur on the premises that pose imminent probability of harm to an invitee; whereupon a duty of reasonable care to protect against such act arises. Accordingly, we affirm the judgment of the trial court.

---

**5.** *Cf. Foster v. Winston-Salem Joint Venture,* 303 N.C. 636, 281 S.E.2d 36 (1981); *Butler v. Acme Markets,* 89 N.J. 270, 445 A.2d 1141 (1981).

**6.** Section 344. Business Premises Open to Public: Acts of Third Persons or Animals.

A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to

a) discover that such acts are being done or are likely to be done, or

b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.