Suzette KENDRICK, Appellant,

v.

ALLRIGHT PARKING, Allright San Antonio Parking, Inc., and Allright Parking Texas, Inc., Appellees.

No. 04–92–00044–CV.

Court of Appeals of Texas, San Antonio.

Dec. 31, 1992.

Rehearing Denied Jan. 28, 1993.

Russell H. McMains, Kimberley Hall Seger, Anthony F. Constant, Corpus Christi, Joyce W. Moore, Garza, Moore & Lazor, P.C., San Antonio, for appellant.

William L. Powers, Cathy J. Sheehan, Isidro O. Castanon, Plunkett, Gibson & Allen, Inc., San Antonio, for appellees.

Before BUTTS, CHAPA and CARR, JJ.

## OPINION

CHAPA, Justice.

The opinion of October 30, 1992 is withdrawn and the following is substituted. Appellant, Suzette Kendrick, appeals a summary judgment order granted in favor of appellees, Allright Parking, Allright San Antonio Parking, Inc., and Allright Parking Texas, Inc. The single issue before this court is whether the trial court erred in granting appellees' motion for summary judgment.

## FACTUAL BACKGROUND

The facts of this case reveal that appellant parked her car on an Allright parking lot in downtown San Antonio on August 28, 1988. While moving some items from her trunk to the front seat of her car, appellant was suddenly attacked by a man who pushed her into her car and kidnapped her by driving the car out of the parking lot.

Appellant was forcibly taken to a separate location where she was raped.

Appellant subsequently filed a suit against appellees for negligence for "failing to provide security to its invitees against assaults, failing to provide security instruction to its employees, failing to warn its invitees of the lack of any security, failing to warn its invitees of the potential for such assaults and alternatively failing to inspect the property and determining the dangers of assault on the property."

Appellees filed a motion for summary judgment, claiming that they owed no duty to protect appellant because they "did not have reason to believe from what they had observed or from past experience that such acts were occurring or were about to occur ... that would pose imminent probability of harm to an invitee...." The trial court granted the summary judgment accordingly. Appellant contends that the summary judgment order was improper because issues of facts exist on whether appellees' owed a duty to appellant.

## STANDARD OF REVIEW

The standard of review in a summary judgment case is whether the movant met his burden for summary judgment by establishing there exists no genuine issue of material fact and that he is entitled to a judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); TEX.R.CIV.P. 166a(c). In deciding whether a disputed material fact issue precludes summary judgment, the reviewing court will take as true all evidence favoring the nonmovant. *Nixon*, 690 S.W.2d at 548–49. Every reasonable inference from the evidence will be indulged in favor of the nonmovant, and any doubt will be resolved in his favor. *Id.* at 549.

The defendant's burden of proof in a summary judgment is to show as a matter of law that the plaintiff has no cause of action against him. *Citizens First Nat'l Bank of Tyler v. Cinco Exploration Co.*, 540 S.W.2d 292, 294 (Tex.1976); *Gaddis v. Smith*, 417 S.W.2d 577, 582 (Tex.1967). A

defendant may accomplish this by disproving that there is no genuine issue of fact as to at least one of the essential elements of the plaintiff's cause of action. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991); *Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex.1991).

## DUTY

Although the summary judgment in this case was not granted on specific grounds, it is clear from the record that appellees successfully attacked appellant's cause of action on the issue of duty, which is one of the key elements of a negligence action. *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex.1987); *Colvin v. Red Steel Co.*, 682 S.W.2d 243, 245 (Tex.1984).

Appellant claims on appeal that questions of fact exist with respect to the foreseeability of harm, which in this case may have imposed upon appellees a duty of care. In contrast, appellees argue they were charged with no duty to protect their business invitees from harm because they had no reason to believe from what they observed or from past experience that such criminal acts were occurring or about to occur.

■ Generally, an occupier of a business premises is not liable to his customer invitees for the criminal acts of third persons. *Nixon*, 690 S.W.2d at 550. However, several courts have held that the owner of a business has a duty in some situations to protect his customers from criminal attacks of third persons because of the special relationship that exists between the business invitor and the customer invitee. *See, e.g., Walkoviak v. Hilton Hotels Corp.*, 580 S.W.2d 623, 625 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.); *Eastep v. Jack-In-The-Box, Inc.*, 546 S.W.2d 116, 118 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.); *Morris v. Barnette*, 553 S.W.2d 648, 649 (Tex.Civ.App.-Texarkana 1977, writ ref'd n.r.e.).

Such a duty has arisen in the context of a parking facility operator vis-a-vis his customer invitees. *See Allright, Inc. v. Pearson*, 711 S.W.2d 686, 689 (Tex.App.—Hous-

ton [1st Dist.] 1986), *aff'd in part and rev'd in part on other grounds*, 735 S.W.2d 240 (Tex.1987); *Ronk v. Parking Concepts of Texas, Inc.*, 711 S.W.2d 409, 414 (Tex.App.—Fort Worth 1986, writ ref'd n.r.e.).

Appellees asserted in their motion for summary judgment and in their brief on appeal that they owed no duty to appellant under the test of liability expressed in *Ronk*. The court in *Ronk* held:

> the operator of an open-air parking lot owes a duty to protect his business invitees from intentional injuries caused by third parties *if the operator has reason to believe from what he has observed or from past experience that such acts are occurring, or that there is a likelihood that such acts are about to occur*, on the part of third persons which is likely to endanger the safety of the business invitee. [Emphasis added.]

*Id.* at 414.

The *Ronk v. Parking Concepts* standard was criticized as too restrictive in the case of *Garner v. McGinty*, 771 S.W.2d 242, 246 (Tex.App.—Austin 1989, no writ), in which the court preferred to examine its case under a test governing the duty to protect invitees when the invitor knows or has reason to know from past experience or from his own observations that the business is likely to attract crime.

In *Garner*, the court held:

> a business invitor owes a duty to his business invitees to take reasonable steps to protect them from intentional injuries caused by third parties if he knows or has reason to know, from what he has observed or from past experience, that criminal acts are likely to occur, *either generally or at some particular time.* [Emphasis added].

*Id.* This rule mirrors the principle set forth in other cases in which the business in issue was prone to attract crime because of the particular character of the business or its previous experience. *See Walkoviak v. Hilton Hotels Corp.*, 580 S.W.2d 623, 625 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.); *Morris v. Barnette*, 553 S.W.2d 648, 649 (Tex.Civ.App.—Texar-

kana 1977, writ ref'd n.r.e.). *Cf. Allright, Inc. v. Pearson*, 711 S.W.2d 686, 690 (Tex. App.—Houston [1st Dist.] 1986), *aff'd in part and rev'd in part on other grounds*, 735 S.W.2d 240 (Tex.1987).

*Garner, Walkoviak,* and *Morris* derive their tests from Section 344 of the Restatement (Second) of Torts, which reads:

> Business Premises Open to Public: Acts of Third Persons or Animals
>
> A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or *intentionally harmful acts of third persons* or animals, and by the failure of the possessor to exercise reasonable care to
>
> (a) discover that such acts are being done or are likely to be done, or
>
> (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it. [Emphasis added.]

Restatement (Second) of Torts § 344 (1965).

To further explain this rule, *Garner, Walkoviak,* and *Morris* have also adopted or referred to the language of Comment f of Section 344, which provides:

> Duty to police premises. Since the possessor is not an insurer of the visitor's safety he is ordinarily under no duty to exercise any care until he knows or has reason to know that the acts of the third person *are occurring, or are about to occur.* He may, however, know or have reason to know from past experience, that there is a likelihood of conduct on the part of third persons in general which is likely to endanger the safety of the visitor, even though he has no reason to expect it on the part of any particular individual. If the place or character of his business, or his past experience, is such that he should reasonably anticipate careless or criminal conduct on the part of third persons, *either generally or at some particular time,* he may be under a duty to take precautions against it, and to provide a reasonably sufficient num-

ber of servants to afford a reasonable protection. [Emphasis added.]

Restatement (Second) of Torts § 344 cmt. f (1965).

■ In the context of this case, wherein the summary judgment evidence suggests, and appellees even admit, that the nature of this business was prone to attract criminal activity, we examine the issue of duty in light of the cases of *Garner, Walkoviak,* and *Morris.*

### ANALYSIS

■ The question this court first addresses is whether appellees' summary judgment evidence conclusively establishes that appellees did not know or could not have known from their past experience or from the character of their business that criminal acts like those involved here were likely to occur, either generally or at some particular time. "A matter is conclusively established only if ordinary minds cannot differ about the conclusion to be drawn from the evidence." *Harris v. Varo, Inc.,* 814 S.W.2d 520, 522 (Tex.App.—Dallas 1991, no writ).

Appellees introduced the following summary judgment evidence: (1) appellant's answers to interrogatories; (2) an excerpt from appellant's deposition; and (3) affidavits from four Allright Parking San Antonio employees. The answers and the deposition were used to point out appellant was uncertain whether the parking lot attendant on duty actually witnessed the attack since allegedly thirty seconds had elapsed between the time she last spoke to the attendant and the time she was assaulted by her assailant. The affidavits indicated that four Allright employees lacked any knowledge of criminal activity resulting in personal injury on the lot in question or that any of Allright's customers were in imminent danger of harm on the lot. The one employee who was on duty at the time of the attack said in his affidavit, "I did [sic] not recall any criminal activity of any nature occurring." He also gave no indication that he tried to prevent the attack from occurring or attempted to notify the authorities.

In response, appellant presented the following summary judgment evidence: (1) an excerpt from her deposition in which she described how she chatted with the parking lot attendant just seconds before the attack and how the parking lot attendant stood only fifteen to twenty feet away from her and looked directly at her immediately before the attack, suggesting the attendant knew or should have known she was attacked; (2) the parking lot attendant's deposition in which he said he was told by his superiors to be aware of suspicious activities; (3) an Allright Parking city manager manual which warned of the threat of crime and urged attendants to be vigilant about "intruders" and to call police about suspicious activities; and (4) an affidavit from a security expert who said police statistics indicated crime had occurred around the lot and that parking industry warnings should have made the criminal activity foreseeable to appellees.

■ We do not believe that the affidavits of the four Allright employees introduced by appellees conclusively establish that the crimes at hand were unforeseeable as a matter of law. The mere fact each of them lacked knowledge of specific incidents of prior criminal activities on the lot itself is not conclusive on the issue of foreseeability. *Allright,* 711 S.W.2d at 690. Foreseeability only requires that the general character of the injury be reasonably anticipated. *Nixon,* 690 S.W.2d at 551.

By contrast, appellant introduced the deposition of the parking attendant who was on duty at the time appellant was kidnapped. The attendant acknowledged that he was instructed by his employer to be alert for thieves, suspicious persons or other unauthorized personnel. The attendant said he was supposed to ask such persons to leave the lot or to call the police if they refused to leave voluntarily. He even acknowledged that his employer was concerned for the safety of its customers and their property.

As indicated above, appellant also offered its managerial manual which warned, "The company's operations create many

temptations and opportunities for theft of money and vehicles. It is of major importance to minimize such events. *Property and human life are at risk.*" [Emphasis in original.] The manual at the very least raises a fact issue of the foreseeability of criminal acts. Appellant further introduced an affidavit in which a security expert claimed appellees' own parking association had repeatedly warned about the incidence of "violent" parking lot crime. In addition, the expert, relying on San Antonio police statistics, said that the intersection where the parking lot is located had been plagued by "vehicular burglary; vehicular theft; sex offense; disturbance; marijuana and cocaine possession; theft from person; and suspicious person."

After reviewing the record, we find that ordinary minds can differ as to the conclusions drawn from the evidence offered by both sides. We also find that the evidence, which must be viewed in favor of appellant, raises issues of fact as to whether the criminal attack on appellant was foreseeable.

▆▆▆ The existence of a legal duty under a given set of facts and circumstances is usually a question of law for the court to decide. *Vaquera v. Salas,* 810 S.W.2d 456, 460 (Tex.App.—San Antonio 1991, writ denied). Foreseeability of harmful consequences will trigger the existence of a duty as the underlying basis for negligence. *Corbin v. Safeway Stores, Inc.,* 648 S.W.2d 292, 296 (Tex.1983). "While foreseeability as an element of duty may frequently be determined as a matter of law, in some instances it involves the resolution of disputed facts or inferences which are inappropriate for legal resolution." *Mitchell v. Missouri–Kansas–Texas R.R. Co.,* 786 S.W.2d 659, 662 (Tex.), *cert. denied,* 498 U.S. 896, 111 S.Ct. 247, 112 L.Ed.2d 205 (1990). In such cases, it is properly submitted to the trier of fact. *Id.; Bennett v.*

*Span Industries, Inc.,* 628 S.W.2d 470, 474 (Tex.App.—Texarkana 1981, writ ref'd n.r.e). *See also Fort Bend County Drainage Dist. v. Sbrusch,* 818 S.W.2d 392, 395 (Tex.1991). Thus, the summary judgment evidence presents issues of fact of whether the incident at hand was foreseeable under the test described above in *Garner,* raising the possibility that appellees owed a duty as a matter of law to take steps to offer reasonable protection against such attacks.

On rehearing, appellees insist that we have abandoned our opinion of *Castillo v. Sears, Roebuck & Co.,* 663 S.W.2d 60 (Tex. App.—San Antonio 1983, writ ref'd n.r.e.), by examining the questions before us under the *Garner* test. We disagree.

In *Castillo,* this court spelled out the extent of a business invitor's duty in a business setting which fails to attract or provide a climate for crime.[1] We recognized, as other courts do, that because of the special relationship between an invitor and invitee, the invitor still owes a duty to offer some protection to his invitee, even when he has no reason to anticipate criminal acts, in situations in which he observes criminal activity occurring or about to occur.

The *Castillo* rule is consistent with Section 344 of the Restatement (Second) of Torts. Comment f helps illustrate the general language of Section 344 of the Restatement. It draws a distinction between premises which are prone to attract criminal activity and premises which are not. As to the former, a more stringent duty is imposed on the business invitor to ensure that the potential for criminal activity, either generally or at some particular time, will not result in harm to his invitees. As to the latter, the premises owner or occupier has a narrower duty to ensure that the invitee is protected when crime is occurring or about to occur.

---

1. This court said:
   There is no duty upon the owners or operators of a shopping center, individually or collectively, or upon merchants and shopkeepers generally, *whose mode of operation of their premises does not attract or provide a climate for crime, to guard against the criminal acts of*

   a third party, unless they know or have reason to know that acts are occurring or are about to occur on the premises that pose imminent probability of harm to an invitee.... [Emphasis added.]
   *Castillo,* 663 S.W.2d at 66.

The situation described in *Castillo* fell under the latter category because it was the type of business establishment—a department store located inside a shopping mall—that did not attract or provide a climate for violent criminal activity. *Castillo* nevertheless does not dismiss the rule expressed in *Garner,* for it recognizes that some types of businesses may be required to provide security for its business invitees. 663 S.W.2d at 66.

■ Appellees continue to insist that it had no duty under the *Castillo* rule, which, unlike appellees' business, applies only to businesses not prone to attract crime. However, even under the *Castillo* analysis, we still reach the same conclusion that issues of fact exist and that rendering the summary judgment was improper. The evidence clearly raises a fact issue regarding whether the parking lot attendant knew or should have known that appellant, a lot customer, was victimized by a criminal attack on the lot. Appellant suggests that the lot attendant witnessed the assault and kidnapping or had reason to believe the assault and kidnapping were occurring or that consequently, subsequent criminal acts were about to occur. Although the attendant denies any knowledge, a fact issue has nevertheless been raised.

■ The evidence clearly establishes that the attendant did nothing to thwart or report the kidnapping and subsequent rape. It is inconceivable that a parking lot attendant would owe a duty to protect the automobiles parked on his lot, but owe no duty towards the safety of his customers when an attack takes place in his presence. If in fact the lot attendant knew or should have known about the attack, then a duty of care would have existed to guard against and report the ongoing crime in some way to thus avoid further injury or damage depending on the totality of the circumstances.

■ Finally, appellees insist that no issue of fact exists with respect to the duty under *Ronk v. Parking Concepts of Texas, Inc.* 711 S.W.2d at 414. Likewise, if we examine the summary judgment evidence in light of *Ronk,* we still reach the same

result. The *Ronk* test states that a duty to protect invitees exists if the operator of an open-air parking lot "has reason to believe from what he has observed ... that [criminal] acts are occurring, or ... about to occur." As stated above, an issue of fact exists on whether the lot attendant knew or had reason to know that the attack was occurring and that subsequent criminal attacks were about to occur.

The point is granted and the judgment is reversed.