**Vickey WYATT, Individually and As Next Friend of Amber Barger, Appellant,**

v.

**The KROGER COMPANY, Appellee.**

No. 2–94–053–CV.

Court of Appeals of Texas, Fort Worth.

Dec. 29, 1994.

Rehearing Overruled March 1, 1995.

Law Offices of Janette Johnson and Jane Legler Byrne, Dallas, for appellant.

Strasburger & Price, L.L.P. and Kurt C. Kern, Michael C. Thompson, Dallas, for appellee.

Before FARRIS, LATTIMORE and DAY, JJ.

## OPINION

FARRIS, Justice.

Vickey Wyatt, individually and as next friend of her daughter, Amber Barger, appeals the trial court's grant of summary judgment for The Kroger Company (Kroger). Appellant sued Kroger after she and her daughter witnessed an act of indecent exposure at a Kroger grocery store on October 23, 1992. Appellant, as invitee of Kroger, sued on theories of negligence and intentional infliction of emotional distress, which were disposed of by summary judgment in favor of Kroger. In nine points of error, appellant argues the trial court erred in granting summary judgment. We affirm summary judgment on the negligence claim because Kroger is not subject to liability for emotional distress absent evidence of physical harm caused by the acts of third persons and we affirm summary judgment on the intentional infliction of emotional distress claim because Kroger's conduct cannot reasonably be regarded as so extreme and outrageous as to permit recovery.

■ In points of error one and two, appellant contends the trial court erred in granting summary judgment because Kroger failed to establish as a matter of law that it owed no duty to protect appellant from emotional harm suffered due to witnessing a criminal act of indecent exposure.[1] The standard of review for a summary judgment requires the movant to show there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; evidence favorable to the nonmovant will be taken as true; and every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *See* TEX.R.CIV.P. 166a(c); *Nixon v. Mr. Property Mgt.*, 690 S.W.2d 546, 548–49 (Tex. 1985).

■ An invitee who claims that a premises occupier negligently failed to prevent injury from the criminal act of a third person must prove the elements of a negligence cause of action. *See Allright, Inc. v. Pearson*, 711 S.W.2d 686, 689 (Tex.App.—Houston [1st Dist.] 1986), *aff'd in part, rev'd in part*, 735 S.W.2d 240 (Tex.1987). The three elements are: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately resulting from the breach. *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex.1987). The threshold inquiry to the establishment of negligence in a premises liability action is the demonstration of the existence and the violation of a duty. *Id.* Whether a legal duty exists under a given set of facts and circumstances is a question of law for the court. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990); *Producers Grain Corp. v. Lindsay*, 603 S.W.2d 326, 329 (Tex.Civ. App.—Amarillo 1980, no writ). If no duty exists, then no legal liability can arise. *R.J. Reagan Co. v. Kent*, 654 S.W.2d 532, 533 (Tex.App.—Tyler 1983, writ dism'd w.o.j.).

■ "Duty" in a negligence claim is a legally enforceable obligation to comply with a certain standard of conduct. *Way v. Boy*

*Scouts of Am.*, 856 S.W.2d 230, 233 (Tex. App.—Dallas 1993, writ denied). The standard of conduct for a business owner is to exercise reasonable care for the safety of its business invitees. *See Rosas v. Buddies Food Store*, 518 S.W.2d 534 (Tex.1975). This standard does not require the business owner to insure the safety of its invitees. *McElhenny v. Thielepape*, 155 Tex. 319, 320, 285 S.W.2d 940, 941 (1956); RESTATEMENT (SECOND) OF TORTS § 344 cmts. (d), (f) (1965).

■ A business owner is generally not liable to its invitees for the criminal acts of third persons. *Nixon*, 690 S.W.2d at 550. Texas courts and both parties rely on the RESTATEMENT (SECOND) OF TORTS § 344 when analyzing the duty owed by a business owner in a negligence case involving third-party criminal acts. *See Kendrick v. Allright Parking*, 846 S.W.2d 453, 456 (Tex.App.— San Antonio 1992, writ denied); *Garner v. McGinty*, 771 S.W.2d 242, 244 (Tex.App.— Austin 1989, no writ); *Walkoviak v. Hilton Hotels Corp.*, 580 S.W.2d 623, 625 (Tex.Civ. App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.). Section 344 states:

Business Premises Open to Public: Acts of Third Persons or Animals

A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for *physical harm* caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to (a) discover that such acts are being done or are likely to be done, or (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.

RESTATEMENT (SECOND) OF TORTS § 344 (1965) (emphasis added). Premises liability case law recognizes a business owner's duty to prevent foreseeable criminal activity where physical injury is inflicted or property loss is involved. *See Nixon*, 690 S.W.2d at

---

1. Wyatt claims mental anguish damages as the sole element of damages in a common-law negligence suit, as distinguished from a separate and distinct cause of action for negligent infliction of emotional distress. *See Pietila v. Crites*, 851 S.W.2d 185, 187 (Tex.1993). The claim of negligent infliction of emotional distress is no longer recognized in Texas jurisprudence. *Boyles v. Kerr*, 855 S.W.2d 593, 597 (Tex.1993); *Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex.1993).

550 (plaintiff raped); *East Tex. Theaters, Inc. v. Rutledge,* 453 S.W.2d 466 (Tex.1970) (plaintiff struck by bottle); *Midkiff v. Hines,* 866 S.W.2d 328 (Tex.App.—Houston [1st Dist.] 1993, no writ) (plaintiff shot and killed); *Berry Property Mgt., Inc. v. Bliskey,* 850 S.W.2d 644 (Tex.App.—Corpus Christi 1993, writ granted, writ dism'd by agr.) (plaintiff raped and personal property stolen); *Haight v. Savoy Apts.,* 814 S.W.2d 849 (Tex.App.—Houston [1st Dist.] 1991, writ denied) (plaintiff raped and murdered); *Garner v. McGinty,* 771 S.W.2d at 242 (plaintiff injured during armed robbery); *Allright v. Pearson,* 711 S.W.2d at 686 (plaintiff robbed at gunpoint and personal property stolen); *Ronk v. Parking Concepts of Tex., Inc.,* 711 S.W.2d 409 (Tex.App.—Fort Worth 1986, writ ref'd n.r.e.) (plaintiff physically attacked).

 The issue presented in this case is whether a party who witnesses a third-party criminal act of indecent exposure can recover mental anguish damages from a premises owner for resulting emotional distress absent physical harm. Under Texas law, mental anguish damages should be compensated only in connection with a defendant's breach of some other duty imposed by law. *See Boyles,* 855 S.W.2d at 594, 596. Certain relationships may give rise to a duty that, if breached, would support an emotional distress award. *Boyles,* 855 S.W.2d at 600 (citing *Stuart v. Western Union Tel. Co.,* 66 Tex. 580, 18 S.W. 351 (1885) (failure of telegraph company to timely deliver death message); *Pat H. Foley & Co. v. Wyatt,* 442 S.W.2d 904 (Tex.Civ.App.—Houston [14th Dist.] 1969, writ ref'd n.r.e.) (funeral home's negligent handling of corpse)). Appellant contends Texas courts have recognized the relationship between a business and its customers gives rise to a legal duty to prevent foreseeable criminal activity that, if breached, would support an award of mental anguish damages.

The cases appellant relies upon each involve recovery of damages where the criminal act itself involved physical harm. *See Kendrick,* 846 S.W.2d at 453 (plaintiff attacked, kidnapped, and raped); *Walkoviak,*

580 S.W.2d at 625 (plaintiff physically assaulted); *Morris v. Barnette,* 553 S.W.2d 648 (Tex.Civ.App.—Texarkana 1977, writ ref'd n.r.e.) (plaintiff physically and sexually assaulted); *Eastep v. Jack–in–the–Box, Inc.,* 546 S.W.2d 116 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.) (plaintiffs suffered physical injuries). Appellant argues Texas courts have not required physical harm to an invitee before liability can be found and contends the case of *Allright v. Pearson,* 711 S.W.2d at 689, allowed recovery for mental anguish despite the absence of physical harm.

In *Allright,* an unidentified assailant robbed Pearson at gunpoint and stole her automobile. Afterwards, Pearson feared a subsequent assault by the assailant because he had her keys and identification. Pearson sued for property damages to her vehicle, damages for past physical pain, and damages for past and future mental anguish.

*Allright* can be distinguished from the case presented by appellant both on the facts and the law. In *Allright,* Pearson incurred property damage to her car and was a victim of a direct assault with a deadly weapon by the third-party criminal. Appellant, on the other hand, did not sue for physical damages or property damage. Deposition testimony reflects neither Wyatt nor her daughter were physically harmed by the perpetrator's act, nor did the perpetrator initiate contact with the appellant. Wyatt does not assert the perpetrator threatened any physical harm.

Additionally, the *Allright* court addressed the issue of whether there was sufficient evidence to support a jury award for past physical pain. After concluding the evidence supported the jury award for physical pain, the *Allright* court further opined:

> Pearson would nevertheless be entitled to recover for mental anguish even if there was no evidence of physical pain. When a defendant is guilty of gross negligence,[2] i.e., heedless and reckless disregard of the rights of others affected by it, the injured party can recover for mental anguish even in absence of any physical injury or pain.

---

**2.** The jury in *Allright* found evidence of gross negligence.

*Allright,* 711 S.W.2d at 696 (citing *Farmers & Merchants State Bank v. Ferguson,* 605 S.W.2d 320, 326 (Tex.Civ.App.—Fort Worth 1980), *reformed and aff'd,* 617 S.W.2d 918 (Tex.1981)).

Upon tracing the case law cited in *Allright,* we decline to follow its dicta in a premises liability case involving the criminal acts of a third party. The *Allright* court mistakenly relied upon this court's analysis in *Farmers & Merchants State Bank v. Ferguson,* which involved a suit for wrongful dishonor of checks and for recovery under the Deceptive Trade Practices Act. In *Ferguson* this court noted physical injury in a DTPA case is not necessary "when the damages suffered are from a deliberate, willful act which is in wanton disregard of another's rights" and found the bank "acted intentionally and without just cause in dishonoring selected checks written by Ferguson." *Ferguson,* 605 S.W.2d at 326.

After a review of the cases preceding *Allright* on this issue,[3] we conclude the relationship between a business owner and an invitee does not encompass liability for emotional distress absent evidence of physical harm caused by the acts of third persons. *See* RESTATEMENT (SECOND) OF TORTS § 344 (1965). As the *Boyles* court remarked: "Tort law cannot and should not attempt to provide redress for every instance of rude, insensitive or distasteful behavior, even though it may result in hurt feelings, embarrassment, or even humiliation." *Boyles,* 855 S.W.2d at 602. We conclude Texas law requires criminally inflicted physical injury or property loss before a claimant can seek mental anguish damages in a negligence claim against a business owner based upon third-party criminal conduct.

Accordingly, appellant cannot recover for emotional distress from Kroger in a negligence action based on a third-party criminal act of indecent exposure where no physical harm was inflicted, no physical contact was made, and no property loss was involved. We overrule appellant's first and second points of error. Because we hold there is no duty as a matter of law on appellant's negligence cause of action, we do not address points of error three through seven.

■ Appellant's eighth and ninth points of error cite error in the trial court's granting the motion for summary judgment on the claim of intentional infliction of emotional distress. The elements of intentional infliction of emotional distress include: (1) the defendant acted intentionally or recklessly; (2) the conduct was extreme and outrageous; (3) the actions of the defendant caused the plaintiff emotional distress; and (4) the emotional distress suffered by the plaintiff was severe. *Wornick Co. v. Casas,* 856 S.W.2d 732, 734 (Tex.1993); *Twyman v. Twyman,* 855 S.W.2d 619, 621 (Tex.1993). Liability for outrageous conduct should be found "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (citing RESTATEMENT (SECOND) OF TORTS § 46 cmt. d (1965)).

A review of the pleadings in such case is de novo, with the reviewing court taking all allegations, facts, and inferences in the pleadings as true and viewing them in a light most favorable to the pleader. *Natividad v. Alexsis, Inc.,* 875 S.W.2d 695, 699 (Tex.1994). The reviewing court will affirm the summary judgment only if the pleadings are legally

---

3. The Supreme Court of Texas, in reviewing *Ferguson,* noted: "Damages for mental anguish cannot be recovered absent a showing of an intentional tort, gross negligence, willful and wanton disregard, or accompanying physical injury," citing *Duncan v. Luke Johnson Ford, Inc.,* 603 S.W.2d 777, 779 (Tex.1980) and *Brown v. American Transfer & Storage Co.,* 601 S.W.2d 931, 939 (Tex.), *cert. denied,* 449 U.S. 1015, 101 S.Ct. 575, 66 L.Ed.2d 474 (1980). *Ferguson,* 617 S.W.2d at 921. *Duncan* and *Brown,* in turn, review deceptive trade practices claims and hold mental anguish damages cannot be recovered under the

DTPA absent a showing of a willful or grossly negligent violation. *Duncan,* 603 S.W.2d at 779; *Brown,* 601 S.W.2d at 939. Both cases cite to *Harned v. E–Z Finance Co.,* 151 Tex. 641, 254 S.W.2d 81 (1953), a suit for statutory penalties for collection of usurious interest in which the supreme court acknowledged mental suffering is compensable as one element of actual damages in suits for willful torts "which are recognized as torts and actionable independently and separately from mental suffering or other injury." 254 S.W.2d at 85.

insufficient. *Id.* Taking all of appellant's allegations as true, we consider whether the alleged acts support a cause of action for intentional infliction of emotional distress.

■ To support her claim of intentional infliction of emotional distress, appellant alleges Kroger took "ineffective action to cure the situation" after witnessing the perpetrator's act of indecent exposure. Appellant asserts Kroger took grossly inadequate measures both to bar the perpetrator from the store and to protect its customers before and after the arrest. Generally, appellant was dissatisfied with the "inadequate handling of [Wyatt's] complaints." In response to the motion for summary judgment, appellant complains Kroger personnel "failed to call the police until [Wyatt] repeatedly insisted they do so," "left [Wyatt] to stand face-to-face with [the perpetrator] while he berated her verbally," and "did not move [Wyatt and Barger] to a private room until after the police told [Kroger] to do so."

This case is controlled by *Natividad,* which involved a claim for intentional infliction of emotional distress against a claims adjustment firm and its adjuster related to the handling of a worker's compensation claim. The trial court granted summary judgment and the Supreme Court of Texas affirmed. The court held: "It is for the court to determine in the first instance whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery." *Natividad,* 875 S.W.2d at 699 (citing *Wornick,* 856 S.W.2d at 734).

Based on the summary judgment evidence, appellant's allegations cannot reasonably be regarded as so extreme as to "go beyond all possible bounds of decency." *Id.* The summary judgment evidence conclusively establishes Kroger's conduct was not "outrageous," an essential element of the intentional infliction tort. A defendant who conclusively negates one of the essential elements of the plaintiff's cause of action is therefore entitled to summary judgment. *Wornick,* 856 S.W.2d at 733.

We conclude, as a matter of law, Kroger's conduct does not amount to intentional infliction of emotional distress because the facts pleaded by appellant are legally insufficient to support the element of extreme and outrageous conduct. Kroger is entitled to summary judgment on appellant's claim of intentional infliction of emotional distress. We overrule appellant's eighth and ninth points of error.

The judgment of the trial court is affirmed.