Opinion Issued February 13, 2009









Opinion Issued February
13, 2009

 








 

 

 

 

 








 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-06-01121-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



ROSE BARTON, INDIVIDUALLY AND AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF CHRISTOPHER MARTIN DEAN, Appellant

 

V.

 

WHATABURGER, INC., Appellee

 

 



On Appeal from the 157th District Court

Harris County, Texas








Trial Court Cause No. 2003-30240

 



OPINION CONCURRING IN DISSENT FROM 

THE DENIAL OF EN BANC CONSIDERATION

 

          I agree with Justice
Jennings that the trial court erred in granting summary judgment in favor of
Whataburger on the issue of foreseeability and that the panel erroneously
conflates the duties owed by premises owners with the duties of employers to
their employees.  Therefore, I join Justice Jennings’ opinion dissenting from
denial of en banc review. 

          In particular, I agree that
the character of the business for which an employee is hired makes a difference
with respect to the foreseeability of a crime.  See Kendrick v. Alright
Parking, 846 S.W.2d 453, 456 (Tex. App.—San Antonio 1992, writ denied) (holding
that when business is “prone to attract crime because of the particular
character of the business or its previous experience,” operator has duty to
exercise reasonable care to protect invitees from intentional injuries caused
by third parties if he knows or has reason to know from observation or past
experience that criminal acts are likely to occur “either generally or at some
particular time”); see also Nixon v. Mr. Property Mgt. Co., Inc., 690
S.W.2d 546, 549–50 (Tex. 1985) (holding that criminal conduct of third party is
not superseding cause that relieves negligent actor from liability when
criminal conduct is foreseeable result of actor’s negligence).  Here, Whataburger
operated a late night eating place, a business identified, according to expert
testimony in the case, as one of the retail establishments with the largest
share of workplace homicides.  Expert testimony further showed that it is
standard industry practice to take extra precautions to ensure the safety of
late-night workers and that the area around the Whataburger had a high crime
rate.  Yet Whataburger hired a manager with two prior felony convictions it
could easily have discovered.  I agree with appellants and with Justice
Jennings that the nature of Whataburger’s business established a basis for
foreseeability to show negligence.  See Ernst & Young, L.L.P. v. Pacific
Mut. Life Ins. Co., 51 S.W.3d 573, 581 (Tex. 2001) (“General industry
practice or knowledge may establish a basis for foreseeability to show
negligence….”).

          I also agree with
appellants that “[i]n creating and maintaining the conditions of employment,
the master has a duty to his servants to have precautions taken which
reasonable care, intelligence, and regard for the safety of his servants
require.”  See Restatement
(Second) of Agency § 493 (1958).  The duty to provide a safe workplace
obliges employers to act with “special knowledge,” i.e., with “such knowledge
as to the conditions likely to harm his servants as persons experienced in the
business and having special acquaintance with the subject matter have.”  See
id. § 493 cmt. a, § 495 (1958).  Thus, an employer owes “a duty to utilize
any additional knowledge which in fact he has for the protection of his
servants.”  Id. § 495 cmt. b.  The duties of masters to their servants apply
to negligent hiring, which is at issue here.  Thus, I further agree with
Justice Jennings that the panel errs in applying the Timberwalk analysis
applicable to premises liability cases to this negligent hiring case.  See
Timberwalk Apartments, Partners, Inc. v. Cain, 972 S.W.2d 749, (Tex. 1998); Trammell Crow Cent. Texas, Ltd. v. Gutierrez, 267 S.W.3d 9 (Tex. 2008) (applying Timberwalk factors in determining that property manager
defendant could not have reasonably foreseen or prevented crime committed by
third parties).

          For the foregoing reasons,
I would grant en banc review.

 

 

 

                                                                   Evelyn
V. Keyes

                                                                   Justice